<hr/>

## DOBENSPECK and Another *v.* ARMEL.[*]

Complaint against *A.* and *B.*, upon a written contract, charging that they, by
the style of *A.*, agreed, &c.   The defendants asked the Court to instruct the
jury that, unless the plaintiff had proved that the defendants were partners

<hr/>

[*] The petition for a rehearing in this case was filed on the 13th of *August*,
and overruled on the 12th of *October*.

May Term,
1858.

DOBENSPECK
v.
ARMEL.

in the contract, they must find for the defendants. The Court refused. It appeared from the evidence that *A.* and *B.* were joint contractors. *Held,* that the error, if there was error, was not sufficient to reverse the judgment. When a contract for the sale of a chattel is broken by the failure of the vendor to deliver it, and the purchaser has paid the price in advance, he may elect to rescind the contract, and recover the money advanced with interest; but if he elect to affirm the contract and sue for damages, he cannot recover interest.

*Tuesday,*
*June 22.*

APPEAL from the *Hamilton* Court of Common Pleas.

DAVISON, J.—The complaint in this case contains two paragraphs. The first, charges that the appellants, who were the defendants, are indebted to *Armel* 999 dollars for money by them had and received for his use. And the second, alleges that defendants, on the 5th of *March,* 1856, by the style of *N. Dobenspeck,* agreed to deliver, within twenty days thereafter, to the plaintiff, at *Ingraham's* distillery, at *Mill Creek,* near *Cincinnati, Ohio,* 600 sound and merchantable stock hogs, weighing from eighty pounds upwards; for which plaintiff agreed to pay defendants 4 dollars and 50 cents per 100 pounds gross, and then and there advanced to them 2,000 dollars on the agreement, which agreement was reduced to writing, was filed with the complaint, and is as follows:

" *Noblesville, March* 5th, 1856, received of *Daniel Armel* 2,000 dollars on account of from 400 to 600 sound and merchantable stock hogs, weighing from 80 pounds upwards, to be delivered at *Mill Creek,* near *Cincinnati,* within twenty days from this date, for which I am to receive four dollars and fifty cents per one hundred pounds gross, on delivery. *N. Dobenspeck.*"

It is averred that the defendants, on the 26th of *March,* 1856, delivered 286 hogs of the aggregate weight of 27,320 pounds; and, at that date, received a further advance of 500 dollars; and on the 10th of *April* following, they delivered 100 hogs on said contract, weighing 9,265 pounds; but they wholly failed to deliver the balance of the hogs contracted for, though the plaintiff was ready, at the time and place of delivery, to receive and pay for the hogs.

Defendants answered—1. By a general denial. 2. That the written contract for the delivery of hogs set forth in the

second paragraph, was entered into between the plaintiff and *Dobenspeck*, and that *Newgen*, the other defendant, had nothing to do with it. The answer was verified by affidavit.

Reply in denial of the second paragraph. There was a general verdict in favor of the plaintiff for 717 dollars. And the record shows that defendants moved for a new trial; but it does not appear that the motion was filed, or that it was in writing. The motion was overruled, and judgment rendered on the verdict.

The errors assigned, relate alone to the charge of the Court, and its refusal to give instructions prayed for by the defendants. As the appellant, in his brief, does not notice all the points made by the assignment of errors, those not relied on in argument will be considered as waived. See Rule 28; Perkins's Dig. 722.

The defendants moved the Court to instruct the jury that, "unless the plaintiff has proved, to the satisfaction of the jury, that the defendants were partners in the contract entered into on the 5th of *March*, 1856, set out in the complaint, they must, as to that contract, find for the defendants." This instruction was refused.

The defendants are charged as joint contractors, and the evidence, which is all on the record, fully sustains the charge in the complaint. As to that point of fact, there is, indeed, no conflict of evidence; hence the ruling of the Court, so far as it relates to the question raised by the instruction, will not, though it may be erroneous, be allowed to reverse the judgment. As to whether the instruction is or is not in the abstract correct, we make no decision.

At the instance of the plaintiff, the Court charged thus: "If the jury believe that there was money advanced to the defendants which was unaccounted for by them, the plaintiff is entitled to recover the same, with interest thereon, from the time of the breach of said contract."

In a late case it was held, that "when a contract for the sale of a chattel is broken by the vendor failing to deliver it, and the purchaser has paid the price in advance, he may elect to rescind the agreement, and recover the money with

interest; but if he elect to affirm the contract and sue for damages, he cannot recover interest." *Harvey* v. *Myer*, 9 Ind. R. 391. Here, the vendee has elected to affirm the agreement—to rely on it for the recovery of damages. It follows that the instruction, so far as it directed the jury to allow interest, is erroneous.

*Per Curiam.*—The verdict, it is true, is general; but in looking into the record, the amount allowed by the jury as interest can be readily ascertained; and if the appellee will remit 50 dollars, as a deduction from the recovery, the judgment will be affirmed — otherwise, it must be reversed. Costs against the appellee in this Court.

*D. Moss*, for the appellants.

*J. Gavin* and *O. B. Hord*, for the appellee.