## LEE vs. NORTHWESTERN UNION RAILWAY COMPANY.

EMINENT DOMAIN: (1) *Right of railroad company to appeal from award.* (2) *Payment a condition precedent to occupancy.* (3) *Whether partial possession by R. R. waives right of appeal, quære.*

1. By the terms of sec. 17, ch. 119, Laws of 1872, the railway company, as well as the land owner, has the *right of appeal* to the circuit court from the award of commissioners determining the damages to be paid by such company for the condemnation of land for its use; and this provision of law is valid.

[2. *Payment of the compensation* finally ascertained by the judgment of the circuit court on such appeal, will be a *condition precedent* of any permanent use or occupancy of the property under the power of eminent domain. Per DIXON, C. J., *arguendo.*]

3. Whether, if the railway company should *take possession* of a part of the premises for which damages have been awarded by the commissioners, this would constitute a *waiver* of its *right of appeal* to the circuit court, is not here decided; the affidavit presented by the land owner as the foundation of a motion to dismiss the appeal not showing such a state of facts.

APPEAL from the Circuit Court for *Milwaukee* County.

Commissioners of appraisal having awarded the compensation to be paid to *Caroline J. Lee,* by reason of the taking by defendant of a portion of a certain lot owned by her, the company appealed from the award of the commissioners to the circuit court. A motion to dismiss the appeal in that court was

made upon the following grounds: First, that the statutes under which the railway company proceeded to condemn the land, did not authorize an appeal by the company. Second, that the action of the company in appropriating the land without payment or tender of payment was illegal. Third, that the effect of the appeal was to force the land owner into litigation to recover the compensation, and it was therefore void. Fourth, that the court had no jurisdiction to try the appeal. The affidavit in support of the motion to dismiss stated that *Caroline J. Lee* was the owner in fee of the lot in question, and that the railway company had entered upon and appropriated to its own use, against the consent of the owner, "a certain portion of the above described land, without paying the value of said land so appropriated, or in any manner tendering payment therefor." The circuit court overruled the motion to dismiss the appeal; from which order *Caroline J. Lee* appealed to this court.

*John J. Thompson*, with whom was *Geo. B. Goodwin*, for appellant, argued that the Laws of 1872, under which respondent had instituted the condemnation proceedings, gave the right of appeal from the award to the land owner only. Moreover, the company, not having complied with the provisions of the statute, requiring payment or tender as a condition precedent to taking possession, had no status in court upon such an appeal. *Davis v. Railroad Co.*, 12 Wis., 16; *Ford v. Railway Co.*, 14 Wis., 609; *Pettibone v. Railroad Co.*, id., 443; *Bohlman v. Railway Co.*, 30 Wis., 105; opinion of WHITON, C. J., in *Shepardson v. Milwaukee & Beloit R. Co.*, 6 Wis., 605. Even if the railroad had, technically, a right of appeal under the statute, it had waived that right, and was estopped from impeaching the award. *La Crosse & Mil. R. Co. v. Seeger*, 4 Wis., 268, opinion of SMITH, J.; *Pfeifer v. S. & F. Railroad Co.*, 18 Wis., 155, opinion of PAINE, J.

*E. Mariner* for respondent, contended that section 17 of the act of 1872 gave the right of appeal to "any party," and that these words, as used in the act, must necessarily apply to the

railroad as well as the land owner, since the company are as much interested in escaping the payment of excessive damages, as an individual would be. *Livermore v. Bainbridge*, 43 How. Pr. R., 272. The right of appeal is the company's only remedy against extortion, and the legislature cannot have intended that the award, however unjust, might at the option of the land owner be held irrevocable. See *Kimball v. K. & P. R. Co.*, 35 Me., 255.

Dixon, C. J. The language of the statute (Laws of 1872, ch. 119, sec. 17) is very general, that "any party may appeal to the circuit court," and it is impossible, we think, to limit it so as to exclude the railway company from the right of such appeal. We regard it as very plain that the legislature intended the company, as well as the land owner, should have the right; else such broad language would not have been used.

And we see no constitutional objection to the granting of such appeal to the company. It is true, where the company takes an appeal, it may compel the land owner to go into the circuit court, there to litigate the question of damages to be paid for the land taken ; but that is not compelling the owner to sue for compensation, in the sense of those decisions which hold that a mere right of action given him is not compensation according to the mandate of the constitution. Appealing to the court, and obtaining an assessment of the damages by the verdict of a jury, is a constitutional mode of ascertaining the compensation to be made for private property to be taken for public use ; and we never before heard of its validity being questioned. And the payment of the compensation so finally ascertained and adjusted is, or will be, a condition precedent to the right of any permanent use or occupancy of the property by the public, or by any corporation in whose behalf the power of eminent domain has been exercised. There is or may be as strong reason why the railway company should be permitted to contest the question of damages in the courts as that the

land owner should, and we see no good ground upon which to deny the legislative power to give the company such right.

The question whether the railway company waived or abandoned its appeal, or deprived itself of the right of taking and prosecuting it, is not raised by the affidavit which was presented as the foundation of the motion to dismiss the appeal. The affidavit does not show that the company has entered upon and appropriated to its own use any part of the land mentioned in the appraisal of the commissioners from whose award the appeal was taken by the company. It does not show that the company has entered into the possession of any part of the land proposed to be taken for public use, and which the commissioners were called upon to appraise. The language is, that the company did "enter upon and appropriate to its own use, against the consent of the owner, a *certain portion* of the above described land, without paying the value of said land so appropriated, or in any manner tendering payment therefor." The "above described land" in the affidavit is all the land owned by the plaintiff, *Caroline J. Lee*, and not that part of it against which condemnation was sought. It can not be said, upon the facts shown, therefore, that the company has done anything to waive or cut off its rights, even if entry upon the land sought to be condemned, without consent of the owner, before or after appeal taken by the company, could be said to have that effect.

*By the Court.* — Order affirmed.