Pittsburgh, Fort Wayne and Chicago R. W. Co. v. Swinney, Executrix.

No. 8652.

## PITTSBURGH, FORT WAYNE AND CHICAGO RAILWAY COMPANY v. SWINNEY, EXECUTRIX.

SUPREME COURT.—*Misjoinder of Causes.*—The statute, section 341, R. S. 1881, forbids in any case a reversal for overruling a demurrer to a complaint for misjoinder of causes of action.

DECEDENTS' ESTATES.—*Executor.—Trespass.—Joinder of Causes.*—An executor may join in the same complaint a paragraph for trespass *quare clausum fregit* during the testator's lifetime, with another for a like trespass after his death, to lands devised to the executor in trust for specific purposes, and this is not a misjoinder.

SAME.—*Damages.—Chose in Action.*—The right to damages for trespass to a testator's lands during his lifetime is a chose in action for which his executor may sue.

SAME.—*Parties.—Case Limited.*—Where lands are devised to an executor in trust for certain purposes, he is the proper plaintiff in a suit for trespass thereto after the death of the testator. *Taylor* v. *Fickas*, 64 Ind. 167, limited.

RAILROADS.—*Appropriation of Land.—Trespass.—License.—Limitations.*—The right of a railroad company, given by section 3907, R. S. 1881, to enter upon lands and remain in possession during the pendency of proceedings by it to condemn lands to public use, is a license which is lost by its subsequent dismissal of the proceedings, during the pendency of an appeal therein, and thereupon it becomes a trespasser *ab initio.* And in such case certainly the plaintiff may bring his suit within a reasonable time after such dismissal, and *perhaps* the statute of limitations only then begins to run.

SAME.—*Remedy.—Cases Overruled.*—When a railroad company, under color of proceedings to condemn lands for public use, enters, and then dismisses its proceedings, the owner may sue for trespass, and is not restricted to the remedy by writ of *Ad quod damnum* given by statute. *Victory* v. *Fitzpatrick*, 8 Ind. 281, *McCormack* v. *Terre Haute, etc., R. R. Co.*, 9 Ind. 283, and *Indiana, etc., R. W. Co.* v. *Oakes*, 20 Ind. 9, have been expressly or by implication overruled.

TRESPASS.—*Real Estate.—Measure of Damages.—Interest.*—In ascertaining the damages for a trespass to lands and removing material therefrom, the jury may, in their discretion, add to the value of the material taken interest thereon at six per cent. per annum, without finding, as in suits on contract, that there has been unreasonable delay of payment.

From the Superior Court of Allen County.

Pittsburgh, Fort Wayne and Chicago R. W. Co. *v.* Swinney, Executrix.

*J. Brackenridge, J. R. Cary, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels*, for :appellant.

*J. I. Best, L. M. Ninde* and *P. A. Randall*, for appellee.

NIBLACK, J.—This action was commenced by Rhesa Swinney, executrix of the last will of Thomas W. Swinney, deceased, on the 6th day of January, 1879, against the Pittsburgh, Fort Wayne and Chicago Railway Company, for alleged injuries to real estate. The complaint was in three paragraphs.

The first paragraph charged that, on the 20th day of July 1871, and previously, the decedent was the owner and in the possession of a particularly described tract of land, lying near the city of Fort Wayne, and containing about four and one-quarter acres, upon which there was deposited a gravel and sand bed, thirty feet in depth; that on that day the defendant, by its agents, servants and employees, wrongfully and wilfully entered into and upon said tract of land, and on divers days between that time and the 30th day of January, 1875, when the decedent died, dug up and carried way 180,-000 yards of the gravel, and the same amount of the sand deposited thereon, leaving said lands covered with pools of stagnant water, and greatly injuring the decedent's adjoining lands.

The second paragraph charged that the tract of land described in the first paragraph was devised to the plaintiff, as the executrix, by the last will of the said Thomas W. Swinney, deceased, to be used and disposed of by her for certain purposes expressed in said will; that after the death of the testator the defendant, by its agents, servants and employees, wrongfully and wilfully entered into and upon said tract of land and dug up and carried away 180,000 yards of gravel, and a like amount of sand, found upon the same, to her damage as such executrix.

The third paragraph charged that, on the 20th day of

July, 1871, the defendant went into possession of the tract of land referred to in the preceding paragraphs, under color of certain legal proceedings, which it afterwards dismissed and abandoned, and continued in the possession thereof until the 1st day of January, 1879, to the exclusion, first, of the testator, who was the lawful owner for the rest of his life, and afterwards of the plaintiff, as his executrix; that while so in possession the defendant dug up and carried away from said tract of land 180,000 yards of gravel, and a corresponding amount of sand, to the damage of the testator in his lifetime and of the plaintiff, as his executrix, since his death.

A demurrer to the complaint, for an alleged misjoinder of causes of action, being first overruled, the defendant demurred separately to each paragraph for insufficiency of the facts relied on for a recovery, but all the paragraphs were severally held to be sufficient upon demurrer.

The defendant then answered in six paragraphs.

The first was in general denial.

The second averred that the tract of land described in the several paragraphs of the complaint became necessary and indispensable for the defendant's use in ballasting, repairing and operating its railroad; that it accordingly, on the 25th day of July, 1870, appropriated said tract of land to its own use, and, on the same day, made out and deposited with the clerk of the circuit court of Allen county, a description of the rights and interests so appropriated, together with a plat of said land; that being unable to agree with the said Thomas W. Swinney, then in life, as to the price of the land so appropriated, it on the 5th day of August, 1870, by its petition in writing, made application to the judge of the Allen Circuit Court, then in vacation, for the appointment of suitable persons to assess the damages which the said Swinney might sustain by reason of the appropriation so made by the defendant; that, on the 8th day of August, 1870, said judge appointed three disinterested and competent freeholders of the county

of Allen as appraisers to assess such damages; that said appraisers being first duly sworn, proceeded on the next day to examine the premises and to make an assessment of the damages which the said Swinney would sustain, fixing the amount at the sum of $10,000, and making return in writing of their said assessment to the clerk of the said Allen Circuit Court, in whose office the same was filed and recorded; that upon the return of such assessment, the defendant paid to said clerk, for the use of the said Swinney, said sum of $10,-000 in lawful money of the United States; that having so appropriated said tract of land, and having so paid the damages resulting from such appropriation, the defendant dug up and carried away the gravel and sand found upon the same as it lawfully might.

The third paragraph pleaded the six years statute of limitations in defence of the action.

The fourth paragraph set up in a different form substantially the same facts contained in the second paragraph.

The fifth and sixth paragraphs were but varyingly stated repetitions of the defence of the six years statute of limitations.

The plaintiff replied, *First.* In denial of all the special paragraphs of the answer. *Secondly.* To the second and fourth paragraphs, that within ten days after the award of the appraisers was made and filed, the testator, Thomas W. Swinney, filed with the clerk of the Allen Circuit Court exceptions to the same; that afterwards the defendant caused the venue of the proceedings to be had upon such exceptions to be changed to the Whitley Circuit Court; that thereupon said Whitley Circuit Court proceeded to review the award of the appraisers, and to order a new assessment of the damages; that the question as to the amount of damages which ought to be awarded to the testator was then submitted to a jury, who returned a verdict assessing his damages at $39,750, upon which judgment was rendered against the defendant; that the defendant afterwards appealed the cause to the Supreme Court,

where the judgment was reversed, and the cause was remanded for further proceedings; that during the pendency of the appeal the testator died, and after the return of the cause to the Whitley Circuit Court, the name of the plaintiff, as his executrix, was substituted; that after the name of the plaintiff had been so substituted, to wit, on the 2d day of December, 1878, the defendant, over her objection, voluntarily dismissed the cause and abandoned its proceedings for the appropriation of the land in controversy. *Thirdly.* To the third, fifth and sixth paragraphs, that the right to sue for the trespasses set forth in the complaint was suspended until the 2d day of December, 1878, by the proceedings set out in the second and fourth paragraphs of answer, and referred to in the preceding paragraph of reply.

Additional paragraphs of reply, known as numbers four and five, were also filed, but number four contained merely a substantial restatement of the facts contained in the second paragraph, and number five set up only more in detail the matters replied by the third paragraph. Demurrers were severally overruled to all of these special paragraphs of reply.

There was a verdict for the plaintiff, assessing her damages, as executrix, at $44,950. A new trial was denied, and the plaintiff had judgment on the verdict.

The defendant, appealing, insists that as the first paragraph of the complaint was for trespasses committed in the lifetime of the owner of the real estate, and that as the second paragraph was for damages sustained by the appellee as devisee of the real estate, and that as the third paragraph was, in substance, only an application for the assessment of damages under the statute, the complaint presented a different and much more flagrant misjoinder of causes of action than the kind of misjoinder referred to in sections 50 and 52, code of 1852, for which a judgment will not be reversed, and that for these reasons the court below committed an available error in overruling the demurrer for misjoinder of causes of action in this cause.

The latter section provided that "No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action," and that provision is continued in force by section 341 of the code of 1881. As applicable to the complaint in this case, we are unable to recognize the distinction insisted upon by counsel for appellant, or, indeed, to see that there was any misjoinder of causes of action. When causes of action belong to the same class, and are between the same parties, and also inure to the benefit of the plaintiff in the same right, they may be joined. This case fully meets all of those requirements, since all of the damages demanded would constitute assets in the hands of the appellee. *Lowe* v. *Bowman,* 5 Blackf. 410; *Fry* v. *Evans,* 8 Wend. 530; *Lea* v. *Hopkins,* 7 Pa. St. 385; Pomeroy Rem., sections 479, 480; 1 Works Pr., section 336.

It is further insisted that the first paragraph of the complaint was bad upon demurrer upon the ground that the appellee, as executrix, had no right to sue for the damages inflicted upon the land in the lifetime of her testator, and the case of *Taylor* v. *Fickas,* 64 Ind. 167 (31 Am. R. 114), is cited and relied on as sustaining that doctrine. In that case this court did say, "If this complaint" (referring to the complaint in that case) "was brought solely in the right of an administrator, the action would not lie. An administrator can not sue for an injury to the freehold." While this statement of the law may be somewhat obscure, and even misleading, in the connection in which it is found, and may be justly obnoxious to criticism for that reason, it was clearly only intended to mean that an administrator can not sue for an injury to the freehold committed after the death of the intestate, and ought to be so construed, when considered in its application to the facts then before this court. This is obvious from the conclusion reached by us in the more recent case of *Church* v. *Grand Rapids, etc., R. R. Co.,* 70 Ind. 161.

Damages accruing to the owner of real estate for a trespass committed in his lifetime constitute a chose in action

in the hands of his executor or administrator. Williams Ex., bottom p. 1656 and note; *Church* v. *Grand Rapids, etc., R. R. Co., supra.*

It is also claimed that the damages demanded by the second paragraph of the complaint went to the heirs of the testator and not to the appellee, and that, for that cause, that paragraph was also bad upon demurrer. It is true that where no provision is expressly made to the contrary, the real estate of which a decedent is seized at the time of his death, together with all subsequently accruing rights of action concerning the same, descends to his heirs. But the paragraph under consideration averred that the land therein described was devised to the appellee, as executrix, to be used and disposed of by her for certain specific purposes. That devise conferred upon the appellee, as executrix, the right to sue for injuries to the land so long as she remains the executrix under the will, unless sooner disposed of by her. 2 R. S. 1876, p. 34, section 4; R. S. 1881, section 252; Pomeroy Rem., section 171, *et seq.; Ege* v. *Sidle,* 3 Pa. St. 115; *Cobb* v. *Biddle,* 14 Pa. St. 444; *Wilson* v. *Shoenberger,* 34 Pa. St. 121; *People* v. *Robinson,* 29 Barb. 77; *Aubuchon* v. *Lorey,* 23 Mo. 99.

The reasons assigned in support of the preceding paragraph sustain, with equal force, the sufficiency of the third paragraph of the complaint. The allegation, that the appellant entered upon the land under color of certain legal proceedings, which it afterwards dismissed, was mere surplusage, neither weakening nor strengthening the paragraph in any essential particular.

The 15th section of the general railroad law of May 11th, 1852 (1 R. S. 1876, p. 705; R. S. 1881, section 3907), treats the filing of exceptions to the award of appraisers, appointed upon the application of a railroad company, as an appeal from the award to the court, under whose authority the appraisers were appointed, and has, in connection with the au-

thority to appeal in that way, a proviso as follows: "*Provided,* That notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed." This proviso served as a license to the appellant to enter into and to continue in the possession of the property in dispute, pending the litigation which became necessary to determine the amount of compensation which it should be required to pay to enable it to acquire title, but like other licenses conferred for a specific purpose, or upon stipulated terms, it was liable to be forfeited for perversion of the purposes for, or a non-compliance with the terms upon, which it was granted. An abuse of a license conferred by law makes the licensee a trespasser *ab initio.* Cooley Torts, 313, 316; 6 Wait's Actions and Defenses, p. 87, and vol. 7, p. 204; *Six Carpenters Case,* 8 Coke, 290; *Malcom* v. *Spoor,* 12 Met. 279; *Dumont* v. *Smith,* 4 Denio, 319; *Stone* v. *Knapp,* 29 Vt. 501.

The voluntary dismissal of the proceedings instituted by the appellant for the assessment of the damages occasioned by its appropriation of the land, after having carried away so much gravel and sand, and in the manner described in the second and fourth paragraphs of the reply, constituted what appears to us to have been such an abuse of the license conferred by the proviso to section 15, *supra,* as made the appellant a trespasser from the beginning, and hence operated as a forfeiture of the protection which the license thus conferred was intended to afford. *Lake Erie, etc., R. W. Co.* v. *Kinsey,* 87 Ind. 514.

The license which the proviso in question authorized was conferred upon the implied, but none the less evident, condition that the appellant would proceed in good faith, and without unnecessary delay, to have the amount, which it would be required to pay for the land, ascertained and finally estab-

lished, and that it would, within a reasonable time thereafter,. pay to the owner the amount thus finally established.   *City of Chicago* v. *Barbian,* 80 Ill. 482 ;   *Lee* v. *North Western. Union R. W. Co.,* 33 Wis. 222.

When the Whitley Circuit Court ordered a new appraisement of the land, the award of the appraisers ceased to be of binding force upon the parties, and the money paid into the clerk's office in discharge of the award ultimately reverted to· the appellant.   The subsequent dismissal of the proceedings. did not reinstate the award for any purpose, and hence there is no question either arising out of or resting upon that instrument now before us.

The third paragraph of the reply addressed to the several paragraphs of the answer, setting up the six years statute of limitations, presents what is, to our minds, a much more difficult question than any that has preceded it.

In the first place, we find no case affording an exact precedent upon which a conclusion upon the question thus presented might be based.   In the next place, divergent conclusions have been reached in many· cases bearing strong analogies to the question now involved.   It is true that many of these divergencies result from varying and conflicting statutes affecting, in some manner, the limitation of actions, but others have arisen from a seemingly different application of the same elementary principles.   Our statutes prescribe no definite rule upon the subject.

In this unsettled condition of judicial precedents, it is, plainly our duty to adopt that line of policy which, in our opinion, best accords with the principles of justice.

In the case of *Doughty* v. *Doughty,* 2 Stockt. 347, it was. decided that where a court of equity had, at the solicitation of a suitor, invoking its aid, interfered with the legal rights of another, and impaired his remedy, it was the court's. duty to protect the party whose remedy had been thus impaired against any undue advantage which might otherwise

result to the suitor so invoking the aid of the court; that it would be, consequently, unconscionable to permit a party to plead the statute of limitations against an adversary, who, at the former's solicitation, had been enjoined from prosecuting his suit. The same doctrine has been either expressly, or in general terms, recognized by the following cases: *Stanbrough* v. *McCall*, 4 La. An. 322; *Fortier* v. *Zimple*, 6 La. An. 53; *Moore* v. *Crockett*, 29 Tenn. 365; *Wilkinson* v. *Flowers*, 37 Miss. 579; *Little* v. *Price*, 1 Md. Ch. Dec. 182; *Hutsonpiller* v. *Stover*, 12 Grattan, 579; *King* v. *Baker*, 29 Pa. St. 200.

This court, in the case of *Ney* v. *Swinney*, 36 Ind. 454, held, and we have no doubt correctly, that where a railroad company had appropriated the land of another, and had instituted proceedings against the owner for the appraisement of the damages, under the general railroad law of 1852, such owner could not seek any other remedy against the railroad company while such proceedings were pending. Proceedings, therefore, of that kind practically as much restrain the owner of the land from resorting to any other remedy as would an injunction to that effect granted against him by a court of competent authority. With this practical effect in view, we know of no principle, either of elementary law or of sound morals, which ought to render the doctrine enunciated in the case of *Doughty* v. *Doughty*, above referred to, inapplicable to the facts pleaded in the paragraph of the reply now under consideration. We think it would be indeed quite unconscionable to hold that the doctrine of that case is not decisive of the sufficiency of the paragraph of reply in question. Whether, upon the facts alleged, the appellee had six years remaining within which to commence this action after the appropriation proceedings began by the appellant were dismissed, or was only allowed reasonable time thereafter within which to bring her action, is a question not now presented, and concerning which nothing is now decided, as this suit was, in any event, commenced within a

reasonable time after such dismissal. *Perkins* v. *Rogers*, 35 Ind. 124 (9 Am. R. 639). As to cases holding adversely to the views we have expressed upon the sufficiency of the third paragraph of the reply as above, see Wood Lim. 484, and Angell Lim., section 485, *et seq.*

At the trial the court, in connection with other charges given at the same time, instructed the jury as follows: "If you find that the defendant wrongfully entered upon the premises described in the complaint, as averred therein, and carried away therefrom, or directed, aided and assisted others in carrying away therefrom 100,000 cubic yards of sand and gravel deposited thereon, and you further find that a large portion thereof was taken and carried away several years ago, then you may consider all the circumstances under which it was taken, the length of time that has elapsed since the taking, and find such sum as will fairly compensate the plaintiff for the injury done, but any sum added to the amount of the value of the material taken by way of damages, and for the purpose of compensation for loss sustained by reason of the plaintiff or her testator being delayed in the payment of this claim, should not exceed the amount which would accrue on the principal sum, if calculated as interest for the time for which such payments may have been delayed, at the rate of six per cent. per annum."

It is argued that this instruction did not state the law, as applicable to this case correctly, in at least one essential respect; that it should have been so framed as to have directed the jury that if they found for the appellee they might allow interest or its equivalent only in the event they also found that the money, properly due for damages, had been withheld by unreasonable delay of payment, citing *Rogers* v. *West*, 9 Ind. 400; *Borum* v. *Fouts*, 15 Ind. 50; *Reed* v. *Helm*, 15 Ind. 428; *Frazer* v. *Boss*, 66 Ind. 1; *Dobenspeck* v. *Armel*, 11 Ind. 31; *Bissell* v. *Hopkins*, 4 Cowen, 53; *City of Pekin* v. *Reynolds*, 31 Ill. 529; *Hoyt* v. *Gelston*, 13 Johns. 139, and other cases in support of that position.

" There are two classes of cases," says the Supreme Court of New Hampshire, in *McIlvaine* v. *Wilkins*, 12 N. H. 474, " in which interest may be recovered. The first is \* \* \* where it is an incident to the debt, founded upon the agreement of the parties, and is a legal claim, which the court are bound to allow. The other class is that where interest may be allowed by a jury, in the nature of damages." And this case has been quoted approvingly by Sedgwick on Dam. (7th ed.) vol. 2, 190. That author, continuing, says : " This is generally so in actions of tort, as trover or trespass for taking goods, where interest is allowed at the discretion of the jury," referring to numerous cases as sustaining that construction of the law in the assessment of damages in cases of torts. In one of the cases thus referred to, the Supreme Court of New York said : " The plaintiff ought not to be deprived of his property, for years, without compensation for the loss of it, and the jury had a discretion to allow interest in this case, as damages. It has been allowed in actions of trover, and the same rule applies in trespass when brought for the recovery of property." *Beals* v. *Guernsey*, 8 Johns. 446.

In speaking of wrongs to personal property and the proper measure of damages for its conversion, Cooley on Torts, in a note to page 457, says : " But in most cases, when the circumstances are not such as to warrant exemplary damages, a just indemnity will consist in the value of the property at the time of the conversion, with interest thereon to the time of trial."

In Wood's Mayne on Damages, at section 511, on page 500, the rule is stated to be, in actions of trover, that " The jury may, if they think fit, give damages in the nature of interest over and above the value of the goods at the time of the conversion." A note upon the same page states that " Interest from the time of conversion is allowed in all cases in the discretion of the jury," in connection with which many cases are cited.

As has been seen, and as might be further shown, the same general rules apply in the assessment of damages for the conversion of personal property in actions of trespass as in trover, and the same may be said of actions of trespass *quare clausum fregit*, where, as in this case, the *gravamen* of the injury is the carrying away and conversion of personal property found on the premises. *Barton Coal Co.* v. *Cox*, 39 Md. 1.

When the gravel and sand in contest, in this case, were severed from the soil, they became personal property, for the carrying away and conversion of which damages might be assessed as in cases of other kinds of personal property. 2 Hilliard Torts, 57; 1 Addison Torts, 411; *Sampson* v. *Hammond*, 4 Cal. 184; *Rich* v. *Baker*, 3 Denio, 79; *Riley* v. *Boston, etc., Co.*, 11 Cush. 11; 1 Hill. Torts, 501; *Hail* v. *Reed*, 15 B. Mon. 479.

What has been said by Sedgwick and other text-writers, as above, on the subject of the assessment of damages in actions of trover and trespass *de bonis asportatis,* applies as well to the case at bar, and has the support of what we regard as the undoubted, if not the overwhelming, weight of authority. The cases cited on behalf of the appellant have reference either to actions for breaches of contracts, either express or implied, or to actions otherwise essentially differing from this in the nature of the damages which were to be assessed, and are, as we believe, not inconsistent with the doctrine of these text-writers when carefully distinguished. See, also, *Lawrence R. R. Co.* v. *Cobb*, 35 Ohio St. 94; *Bradley* v. *Geiselman*, 22 Ill. 494; *Chicago, etc., R. W. Co.* v. *Shultz*, 55 Ill. 421; Addison Torts, Dudley and Baylies' ed., 458 and note.

It is further argued that the only way left open to the appellee after the appropriation proceedings, brought by the appellant, were dismissed, was to make application for the assessment of her damages under what is known as the *Ad quod damnum* statute, providing for the appraisement of damages in such and similar purposes, and that, for that reason, all the

Pittsburgh, Fort Wayne and Chicago R. W. Co. *v.* Swinney, Executrix.

proceedings had in this case have been, from the beginning to the ending, erroneous. The cases of *Victory* v. *Fitzpatrick,* 8 Ind. 281, *McCormack* v. *Terre Haute, etc., R. R. Co.,* 9 Ind. 283, and *Indiana, etc., R. W. Co.* v. *Oakes,* 20 Ind. 9, are relied upon as maintaining that construction of the law as it then existed. But these cases have all been either expressly or impliedly overruled, and are hence no longer followed as precedents. *Sidener* v. *Norristown, etc., T. P. Co.,* 23 Ind. 623; *Graham* v. *Columbus, etc., R. W. Co.,* 27 Ind. 260; *Cox* v. *Louisville, etc., R. R. Co.,* 48 Ind. 178; *Anderson, etc., R. R. Co.* v. *Kernodle,* 54 Ind. 314; *Terre Haute, etc., R. R. Co.* v. *Scott,* 74 Ind. 29.

The accepted doctrine now is that where a railroad company, or other corporation possessing similar powers, takes possession, and enters into the use of real estate, without the consent of the owner, and without taking the necessary measures to acquire the title it assumes to assert, the owner may resort to any or all of the usual remedies known to the law for the protection of his estate in the property. *Lake Erie, etc., R. W. Co.* v. *Kinsey, supra.*

No question is made upon the amount of the damages assessed by the jury, and, believing that what we have said fairly disposes of all the material and controlling questions presented by this appeal, we will not extend this opinion by commenting upon some other matters incidentally referred to in argument.

The judgment is affirmed, with costs.

ZOLLARS, J., did not participate in the decision of this cause.

Filed Oct. 8, 1884.