## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. HAYES ET AL.

[No. 5,356. Filed May 23, 1905.]

RAILROADS.—*Eminent Domain.—Award.—Payment.—Estoppel to Appeal.*—Where an award is made to the landowner in the case of a condemnation of land by a railroad company for its right of way, and such company pays such award to the clerk of the court under the provisions of §5160 Burns 1901, §3907 R. S. 1881, providing that upon payment of such award possession of such land may be taken by such railroad company notwithstanding its appeal from such award, such company is not estopped by such payment from prosecuting such appeal, since such payment is not voluntary in a legal sense.

From Dearborn Circuit Court; *William S. Holman*, Special Judge.

Action by the Cleveland, Cincinnati, Chicago & St. Louis Railway Company against George Hayes and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*S. O. Bayless, Roberts & .Johnston, L. J. Hackney* and *John T. Dye,* for appellant.

*Martin J. Givan,* for appellees.

WILEY, C. J.—Counsel for appellees admits in his brief that the statement of the record, as made by counsel for appellant, is substantially correct. This admission authorizes us to accept such statement as true, and, briefly stated, the issues joined, the facts relied upon, and all the rulings of the court and the errors assigned, are as follows:

Appellant filed an instrument of appropriation in the court below in vacation. Appraisers were appointed and returned their appraisement and award of damages. Appellant filed exceptions to the award, and the appellees answered the exceptions. Appellees filed an answer, the second paragraph of which set up affirmative matter by way of estoppel. Appellant demurred to this affirmative answer, and its demurrer was overruled. It then replied to the affirmative answer, to which appellees addressed a demurrer, which demurrer was sustained. Appellant refused to plead further, and judgment was rendered against it, to the effect that it take nothing by its exceptions, and that it be estopped to prosecute its appeal.

The appraisers, in their report duly filed, fixed and assessed appellees' damages at $2,500, which sum appellant thereafter paid to the clerk of the Dearborn Circuit Court for the use and benefit of appellees, and thereupon took possession of the right of way it sought to appropriate, and entered upon the construction of its road. Appellees accepted said sum of money, the same being paid to them by the clerk.

Appellant has presented six points for consideration and decision, but they are so analogous to each other that they may all be considered together, under the single proposition: Was appellant estopped from appealing from the award of damages assessed by the appraisers and filed in the clerk's office, after it had paid the amount fixed by the appraisers

into the hands of the clerk for the use and benefit of appellees, and after their acceptance of the amount so paid, and after appellant had taken possession of the land appropriated for the construction of its road?

The question thus stated may be properly answered by determining the sufficiency of appellees' second paragraph of answer. The answer is based upon the facts disclosed by the record, to wit: That the appellant filed in the clerk's office its instrument of appropriation; that appraisers were appointed; that they filed their report and assessed damages; that appellant filed its exceptions to the report, and paid to the clerk for the use and benefit of appellees the amount so assessed; and that it went into possession of the land sought to be appropriated, and entered upon the construction of its railroad. The statute which confers upon a railroad company the authority to exercise the right of eminent domain provides that the award made by the appraisers may be reviewed in the circuit or other court where such proceedings may be had, upon written exceptions filed by either party in the clerk's office within ten days after the filing of such award. The statute also requires the railroad company either to tender the amount of the award to the landowner, or to pay the same to the clerk for his use and benefit, and provides that, notwithstanding the appeal, it may take possession of the property described in its instrument of appropriation. §5160 Burns 1901, §3907 R. S. 1881. The latter provisions of the statute to which we have just referred serves as a license to the railroad company to enter into and continue in possession pending the litigation. *Pittsburgh, etc., R. Co.* v. *Swinney* (1884), 97 Ind. 586.

The filing of the exceptions to the award of the appraisers will be treated as an appeal from such award. *Pittsburgh, etc., R. Co.* v. *Swinney, supra.* In this case the exceptions were timely filed, and hence the appeal was duly perfected. From a review and consideration of many authorities, where the question now before us was involved, the following rule

of law may be deduced: Where a railroad company has filed its instrument of appropriation, and appraisers have been appointed and filed their report awarding damages to the landowner, and the company has timely filed its exceptions to the award, and has paid to the clerk the amount assessed for the use and benefit of such landowner, and, pending the appeal, has entered upon and taken possession of the property sought to be appropriated, and constructed its road, it is not estopped from prosecuting its appeal, by which the amount of damages it will be required to pay may be judicially determined. *Indianapolis, etc., R. Co.* v. *Brower* (1859), 12 Ind. 374; *Lake Erie, etc., R. Co.* v. *Kinsey* (1882), 87 Ind. 514; *Pittsburgh, etc., R. Co.* v. *Swinney, supra; Consumers Gas Trust Co.* v. *Harless* (1892), 131 Ind. 446, 452, 15 L. R. A. 505; *Terre Haute, etc., R. Co.* v. *Crawford* (1885), 100 Ind. 550, 557; *Baltimore, etc., R. Co.* v. *Johnson* (1882), 84 Ind. 420; *Commonwealth* v. *Hall* (1829), 8 Pick. 440; *Matter of New York, etc., R. Co.* (1883), 29 Hun 646; *St. Louis, etc., R. Co.* v. *Evans & Howard, etc., Co.* (1884), 85 Mo. 307; *Chicago, etc., R. Co.* v. *Phelps* (1888), 125 Ill. 482, 17 N. E. 769; *Fort St. Union Depot Co.* v. *Backus* (1892), 92 Mich. 33, 52 N. W. 790; *Fort St. Union Depot Co.* v. *Peninsular Stove Co.* (1894),103 Mich. 637, 61 N. W. 1007; *Wabash R. Co.* v. *Ft. Wayne, etc., Traction Co.* (1903), 161 Ind. 295; *Elizabethtown, etc., R. Co.* v. *Catlettsburg Water Co.* (1901), 110 Ky. 195, 61 S. W. 47; 10 Am. and Eng. Ency. Law (2d ed.), 1188; *Oliver* v. *Union Point, etc., R. Co.* (1889), 83 Ga. 257, 9 S. E. 1086; *Cleveland, etc., R. Co.* v. *Nowlin* (1904), 163 Ind. 497.

In the last case cited the court said: "It is evident under the authorities cited that when a railroad company appeals from the award within the ten days allowed, and pays the award to the clerk for the purpose of entering upon the property described in the instrument of appropriation, that such a payment is not a voluntary payment in a legal sense, and

the company is not thereby estopped from prosecuting its appeal." The fact that appellees accepted and receipted for the amount paid to the clerk does not change the rights of the parties. These authorities settle the law against appellees' contention, and necessarily lead to the conclusion that their second paragraph of answer was fatally defective.

Judgment reversed, and the court below is directed to sustain appellant's demurrer to the second paragraph of answer, and for other proceedings not inconsistent with this opinion.