# BLAIR BAKER HORSE COMPANY *v.* RAILROAD TRANSFER COMPANY.

[No. 8,427.   Filed March 25, 1915.   Rehearing denied June 2, 1915
Transfer denied October 8, 1915.]

1. APPEAL.—*Review.—Ruling on Demurrer.—Memorandum.—Sufficiency.*—In an action for breach of warranty in the sale of a horse, a memorandum of defects accompanying a demurrer to the complaint, stating that the complaint shows no such warranty as under the facts would make defendant liable, that it does not show that plaintiff has done the things required of it in the premises, and that it shows no facts disclosing any liability on the part of defendant on account of any alleged warranty, was insufficient to enlighten the court as to the specific objections urged to the complaint, and hence the overruling of the demurrer was not error.   p. 507.

2. APPEAL.—*Review.—Verdict.—Conclusiveness.*—A verdict can not be disturbed on the ground of insufficient evidence where it appears that there was evidence to support it upon every material question.   p. 509.

3. APPEAL.—*Review.—Verdict.—Entry of Remittitur.—Overruling Motion for New Trial.*—In an action for breach of warranty in the sale of a horse, where it appeared that the animal was purchased for $147.50, that it was returned as not as represented, and sold for $13, a verdict for $175 was returned for plaintiff on a complaint averring no special damages, whereupon plaintiff remitted $27.50 and judgment was entered for $147.50, and that thereafter the court directed an additional remittitur of $13, with the alternative that plaintiff suffer a new trial, and that the additional remittitur was made, the original judgment set aside, and a new judgment entered for $134.50, there was no error in permitting the first remittitur or in directing the second, since if the cause had come to the court on appeal with an excessive judgment a remittitur could properly have been ordered.   p. 509.

4. TRIAL.—*Verdict.—Excessiveness.—Contrary to Law.*—A verdict for an amount in excess of that which may be legally recovered is not contrary to law where a remittitur of the excess may be directed.   p. 511.

5. TRIAL.—*Excessive Verdict.—Directing Remittitur.*—In an action for damages where the jury has returned an excessive verdict and there is no dispute as to what the amount should be, the liability being fixed, the trial court may direct a remittitur, and such action will not be deemed an invasion of the province of the jury, but will be upheld on the theory that the excess arose either

from an error of law or mistake in computation, or from a misapprehension of the facts, and that the error does not permeate the entire verdict. p. 511.

6. SALES.—*Action for Breach of Warranty.— Instructions.— Assumption of Facts.*—In an action for breach of warranty in the sale of a horse, an instruction that if the jury found from a preponderance of the evidence, that plaintiff was entitled to recover, it was then its duty to assess the amount of the damages not exceeding the amount demanded, and that the measure of damages, if it was found that plaintiff was entitled to recover, would be the difference between the fair cash value of the animal at the time and place of sale, if in the condition as warranted, and the fair cash value of the animal as it really existed, was not, when considered as a whole, fatal on the objection that it assumed the existence of a warranty and was therefore misleading. pp. 511, 512.

7. TRIAL.—*Instructions.—Duty of Court and Jury.*—The court's instructions should state the law clearly and the language should be free from doubt and ambiguities so that the jury may be aided in applying the law to the facts, and it is the duty of the jury to accept and apply the law as stated by the court to the facts which it is the duty of the jury to find. p. 512.

From Superior Court of Marion County (85,898) ; *Charles J. Orbison,* Judge.

Action by the Railroad Transfer Company against the Blair Baker Horse Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elmer E. Stevenson,* for appellant.

*Carl E. Wood,* for appellee.

SHEA, J.—Appellee brought this action against appellant for damages on account of an alleged breach of warranty in the sale of a horse. The fourth paragraph of complaint, upon which the cause was tried, contains substantially the following allegations: that appellant and appellee are corporations under the laws of Indiana; that appellant is engaged in operating a horse market in the city of Indianapolis, buying and selling horses both on its own account and on commission; that appellee is engaged in the transfer business in said city, hauling and transferring all kinds of freight, and was desirous of purchasing a horse for use in

MAY TERM, 1915. 507

Blair Baker Horse Co. *v.* Railroad Transfer Co —59 Ind. App. 505.

its business, of which facts appellant had knowledge; that on September 13, 1911, appellant, through its auctioneer sold to appellee at public auction a certain bay mare; that said mare was not owned by appellant, and the owner of same was unknown to appellee at the time of purchase; that appellant warranted and represented the mare to be in all respects perfectly sound, healthy and a good worker; that appellee relied upon said warranty and representations and purchased the mare at a price of $147.50; that the mare at the time of purchase and at the time the warranty and representations were made was not sound and healthy, and a good worker, but diseased and had cerebral hemorrhage or apoplexy, and was what is known as a dummy, by reason of which she was not worth anything; that if the mare had been sound she would have been worth $147.50 the amount paid for her. Damages in the sum of $200 were demanded, but no special damages were alleged.

The court overruled a demurrer to this paragraph of complaint. There was a trial by jury and a verdict in favor of appellee for $175 on April 16, 1912. On April 17, 1912, appellee filed a remittitur of $27.50, and on the same day the court rendered judgment in favor of appellee for $147.50. On April 25, 1912, appellant filed its motion for a new trial. On argument the court announced a new trial would be granted unless an additional remittitur of $13 should be made by appellee. Upon appellee's compliance with this condition the court set aside the former judgment and rendered judgment in appellee's favor for $134.50, overruling appellant's motion for a new trial.

The first question presented and argued by appellant is the alleged error of the court in overruling the demurrer for want of facts to the fourth paragraph of complaint on which the cause was tried. The case was filed subsequent to the taking effect of the act of 1911 (Acts 1911 p. 145, §344 Burns 1914, subd. 6), which requires that a memorandum be filed with a demurrer stating

508    APPELLATE COURT OF INDIANA,

Blair Baker Horse Co. *v.* Railroad Transfer Co.—59 Ind. App. 505.

wherein such pleading is "insufficient for want of facts, and the parties (party) so demurring shall be deemed to have waived his right thereafter to question the same for any defect not so specified in such memorandum:" The memorandum filed with the demurrer in this case is as follows: "First. The averments of the fourth paragraph of the complaint do not show such a warranty as under the facts alleged would make this defendant liable to the plaintiff. Second. The averments of the fourth paragraph of the complaint do not show that the plaintiff has done the things required of it in the premises. Third. The averments of the fourth paragraph of the complaint do not show facts disclosing any liability on the part of the defendant on account of any alleged warranty."

It is very strenuously urged by appellee's counsel that no question is presented by this demurrer for the reason that the memorandum is too general in its terms, and therefore did not enlighten the court as to any specific defects in the complaint. This court has recently considered the question here presented in the case of *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878, and in passing upon a question somewhat similar to the one presented here, used this language: "Both the history of the passage of such act and its language necessitate the conclusion that by it the legislature intended to require that such memorandum should point out in clear, explicit and unambiguous language each particular insufficiency of the pleading demurred to, on which the demurring party relies; and, to permit him to cover up or conceal from the trial court by ambiguous or uncertain language or phraseology the objection intended to be urged and relied on in the appellate tribunal would be to defeat the intent and purpose of the law and make it a weapon by which appellate procedure would be complicated rather than simplified. *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 192, 95 N. E. 417 [Ann. Cas. 1914 B 91]." Measured by the standard therein set out, the memorandum is

insufficient to enlighten the court as to the specific objections urged to the complaint. *City of Bloomington* v. *Citizens Nat. Bank* (1914), 56 Ind. App. 446, 105 N. E. 575; *Live Stock Ins. Assn.* v. *Edgar* (1914), 56 Ind. App. 489, 105 N. E. 641; §348 Burns 1914, Acts 1911 p. 415. It follows that no error was committed in overruling the demurrer to the complaint.

The next error presented is the overruling of appellant's motion for a new trial, in support of which it is insisted that the verdict is not sustained by sufficient evidence, and is contrary to law. A careful examination of the evidence as set out in the briefs of counsel shows that there was evidence upon every material question supporting the verdict of the jury. This is not seriously controverted by appellant. Under such circumstances this court can not disturb the verdict.

The jury returned a verdict for $175. The evidence shows that the purchase price of the mare, which was sold at public auction in appellant's stockyards was $147.50, but the demand in the complaint was for $200. No special damages were alleged. At the close of the trial appellee's counsel remitted $27.50. Judgment was thereupon entered for $147.50. Subsequently, after argument on motion for a new trial the court required appellee to remit an additional $13 with the alternative that he suffer a new trial, whereupon the original judgment was set aside with appellee's consent and judgment was entered for $134.50. This was evidently upon the theory that the horse having been returned to appellant was sold for the sum of $13, thus tending to fix the value.

It is very earnestly argued that the court had no authority to permit the first remittitur, or to require the remittitur in the second instance, on the theory that there was no legal measure of damages. A careful examination of the evidence discloses that there was no conflict with respect to the amount of damages finally awarded, if appellee was entitled to re-

510    APPELLATE COURT OF INDIANA,

Blair Baker Horse Co. v. Railroad Transfer Co.—59 Ind. App. 505.

cover at all.   The remittitur of $27.50 in the first instance covered the difference between the purchase price and the amount of the verdict as rendered by the jury.   The remittitur of the additional $13 covered the difference between the purchase price and the amount for which the horse subsequently sold, the proceeds of which were paid to appellee. There was no evidence of the value of the horse so far as we have been able to discover except the statement of Mr. McFarland, president of appellee company, who stated that the mare would have been worth $147.50 if she had been as represented, but in the condition she was actually in she was worth nothing.   The only conflicting evidence with respect to this point, if it may be said to be evidence, is the circumstance of the sale of the horse for $13.   The trial court evidently considered this a sufficient item of evidence to show some conflict with the statements of the witness as to the value of the animal to the extent of $13.   If the horse would sell upon the market for $13, that would evidently fix its value at $13, as the measure of value is determined by what the specific thing will bring in the open market where there is free and fair competition with a seller who is willing to sell and a buyer who is willing and able to purchase. The difference between the value of the horse in this case after return to appellant as shown by the evidence, and the price at which it was originally sold to appellee would strongly tend to fix the amount of appellee's damages, so that we think no error was committed by the trial court in granting the remittitur in the first instance and in requiring the remittitur in the second instance.   The amount for which the judgment was finally rendered is undisputed, once the question of liability is conceded, and that was a question properly submitted to and decided by the jury.   Appellant seeks to distinguish the case of *Cleveland, etc., R. Co.* v. *Beckett* (1895), 11 Ind. App. 547, 39 N. E. 429, and the case of *Evansville, etc., Traction Co.* v. *Broermann* (1907), 40 Ind. App. 47, 89 N. E. 72, from the present case, but the distinc-

tion sought to be made is not essential. If the cause had come to this court with an excessive judgment, a remittitur might properly be ordered. *First Nat. Bank* v. *Peck* (1913), 180 Ind. 649, 103 N. E. 643; 3 Cyc. 435; *Phillips* v. *Nicholas* (1832), 3 Blackf. 133; *Devore* v. *McDermitt* (1874), 47 Ind. 234; *Hill* v. *Newman* (1874), 47 Ind. 187.

This likewise disposes of the able argument of appellant's learned counsel that the verdict of the jury is contrary to law. *Arkansas Valley, etc., Co.* v. *Mann* (1889), 130 U. S. 69, 9 Sup. Ct. 458, 32 L. Ed. 854; Hale, Damages 235; 1 Sutherland, Damages (2d ed.) §460; 18 Ency. Pl. and Pr. 123, *et seq.*

There is some conflict in the decided cases upon the right of the trial court to direct a remittitur under the facts as disclosed in this case, upon the theory that it is an invasion of the province of the jury, but the great weight of authority, both of the text writers and decided cases is in harmony with the rule as applied here. This power of the trial court is sanctioned on the theory that the excess arises either from an error of law or mistake in computation, or of a misapprehension of facts, and that such error does not permeate the entire verdict, and may, therefore, be corrected and thus avoid expensive litigation and unnecessary delay. *Dobenspeck* v. *Armel* (1857), 11 Ind. 31; Hale, Damages 235; 3 Cyc. 432, and cases cited; *Carmichael* v. *Shiel* (1863), 21 Ind. 66; *Tucker* v. *Hyatt* (1898), 151 Ind. 332, 337, 51 N. E. 469, 44 L. R. A. 129; 28 Am. and Eng. Ency. Law 309, and cases cited; Sedgwick, Damages (6th ed.) 765, note 3; 3 Graham & Waterman, New Trials 1162; *Arkansas, etc., Cattle Co.* v. *Mann, supra.*

The next question presented and argued is the alleged error of the court in giving instruction No. 17 over appellant's objection. Instruction No. 17 reads as follows: "If you find from a preponderance of the evidence that plaintiff is entitled to recover in this action, it will then be your duty to assess the amount of its damages

not exceeding the amount demanded; the measure of plaintiff's damages in this case, if you find it is entitled to recover, would be the difference between the fair cash value of the bay mare in question at the time and place of sale, if said bay mare was in the condition as warranted, and the fair cash value of said bay mare at the time and place of sale, as said bay mare really existed." The specific objection to this instruction is to the language: "If said bay mare was in the condition as warranted." It is very earnestly insisted that this was an unwarranted assumption on the part of the court of the existence of a warranty on the part of appellant, and was therefore misleading and harmful.

It is important in all cases that an instruction given by the court upon the measure of damages, as well as upon all other questions, should state the law clearly. The language should be free from doubt and ambiguities in order that the jury may be aided in applying the law as given by the court to the facts. It is the duty of the jury to accept and apply the law thus charged by the court to the facts which it is the duty of the jury to find. The line of demarcation between the duty of the trial court and the jury is thus clearly defined. In charging the jury the court should not assume a fact proven about which there is a conflict in the evidence. The language of this instruction objected to, when taken from its context, is subject to criticism, but the jury is in effect instructed in the first part of this charge that it must first determine by a preponderance of the evidence whether the defendant was liable before damages should be assessed. In reaching a conclusion upon the question of liability, the jury must of necessity have settled the question of warranty, so that this instruction, when fairly considered as a whole, and as given to the jury, presents no error which warrants this court in reversing this case. Judgment affirmed.

NOTE.—Reported in 108 N. E. 246. As to what constitutes warranty, see 94 Am. St. 209. On the power of appellate court to in-

terfere with verdict for excessive damages, see 26 L. R. A. 384. As to power of trial court to cure an excessive verdict by requiring or permitting a reduction when true measure of damages is not ascertainable by mere computation, see 39 L. R. A. (N. S.) 1064. Remittitur, when excessive verdict is granted through passion or prejudice, see Ann. Cas. 1912 C 509. See, also, under (1) 31 Cyc. 315; (2) 3 Cyc. 348; (3) 3 Cyc. 382; 29 Cyc. 1022; (4) 29 Cyc. 954; (5) 29 Cyc. 1020, 1022; (6) 35 Cyc. 483, 484; (7) 38 Cyc. 1594.