PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v*. VERBARG, ADMINISTRATOR, ET AL.

[No. 13,231. Filed April 19, 1929.]

*Rynerson, Bryer & Shinn* and *Bear & Bear*, for appellant.

*Fitzgerald & Fitzgerald* and *Curtis Marshall*, for appellees.

REMY, J.—Hannah Catherine Campbell died testate, March 7, 1920, seized in fee of a farm of 109 acres, on which were located a dwelling, barn and outhouse. Not far from these buildings was a railroad over which appellant operated its locomotives and trains. By the terms of her will, the testatrix devised the farm to her children. The will having been probated, the administrator with the will annexed, appellee herein, commenced a suit to sell the real estate to pay the debts of the estate; pending that suit, and after the court had ordered the sale, the dwelling, barn and outhouse were destroyed by fire caused by sparks from appellant's locomotive. Thereafter, and before the real estate had been sold, appellee began this action against appellant railroad company to recover damages caused by the fire, the action being based upon the act of 1911 (Acts 1911 p. 186, §13249 Burns 1926), which provides that a railroad company operating a railroad in this state "shall be responsible in damage to every person . . . whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines"

operated by the railroad company. A trial of the cause resulted in a verdict and judgment for appellee.

The sole question presented which will require consideration is that the verdict of the jury is contrary to law; and the question for determination is: Did appellee, under the facts as shown by the record, have authority to prosecute this action?

It is argued by appellant that the title to the real estate having, upon the death of testatrix, vested in the devisees named in the will, an action to recover damages to the real estate caused after the title had so vested must be prosecuted by, and in the name of, those in whom the title had vested, citing *Taylor* v. *Fickas* (1878), 64 Ind. 167, 31 Am. Rep. 114, and *Pittsburgh, etc., R. Co.* v. *Swinney* (1884), 97 Ind. 586, 591, which correctly state the general rule to be that an administrator cannot maintain an action to recover damages for injury to real estate where the injury occurred after the death of the intestate. On the other hand, it is the contention of appellee that because it had become necessary for the administrator to sell the real estate to make assets to pay debts, and the court had so held, therefore, he, as legal representative, had such an interest in the real estate as to make him a proper party to prosecute the action.

It is provided by the Code of Civil Procedure that every action must be prosecuted in the name of the real party in interest, except that an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is brought. Sections 3 and 4 Code Civil Procedure, §§258, 259 Burns 1926. By §19 of the Code (§270 Burns 1926), it is provided that "all persons having an interest in the subject-matter of the action, and in obtaining the relief demanded, shall be joined as plaintiffs, except as otherwise provided.

in this act." It is also provided by the code that: "Of the parties in the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made defendant, the reason thereof being stated in the complaint," etc. Section 21 Code Civil Procedure, §277 Burns 1926. In the light of these statutes, the question under consideration must be determined.

It appears from the record that the devisees of decedent joined appellee in the original complaint filed in this cause, to which complaint a demurrer for want of facts was sustained. An amended complaint was then filed by appellee in which it is averred that the devisees refused to join as plaintiffs, and that, by leave of court, they were made defendants to answer to any interest they might have.

The devisees named in the will are, of course, the owners of the real estate, but their ownership is subject to the right of the administrator to sell the same to pay the debts of the estate, and, there being no personal property out of which the debts could be paid, the court, in a proper proceeding, ordered the administrator to sell the real estate to procure the necessary assets. It follows that appellee as administrator has an interest in the real estate to the extent of the debts of the estate, and we hold that he may maintain the action for damages caused by the fire, if the real estate cannot be sold for a sum sufficient to satisfy the claims of creditors. *Clark* v. *McClain Fire Brick Co.* (1919), 100 Ohio St. 110, 125 N. E. 877. The record does not show the amount of the claims against the estate nor the value of the land. For aught that appears, the land can be sold for a consideration sufficient to pay all debts of the estate; if so, the administrator cannot maintain the action to recover damages to the real estate

caused by the fire. We are, therefore, constrained to hold that the verdict of the jury is contrary to law, and that the judgment must be, and is, reversed.

If the cause is retried, the complaint should be amended so as to state a cause of action within the law as stated in this opinion.