THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* BROWER.

The party on whose behalf an assessment of damages is made, must tender the amount assessed before the right of entry can arise; and if it should be important that entry should be made before an appeal from the assessment can be disposed of, the party entering will not be precluded from further litigating the amount of damages by making such tender as would, under the constitutional provision, authorize him to enter. The tender should be the full amount of the assessment. The fact that it is accepted, will not change the rights of the parties.

Thursday,
June 2.

APPEAL from the *Dearborn* Circuit Court.

HANNA, J.—The appellants, in pursuance of the statute, filed a petition before a justice of the peace, on the 12th of *May,* 1855, praying the appointment of twelve men to assess the damages, if any, which would be occasioned by the construction of a proposed extension of the road of the appellants over the described lands of said appellee.

On the 22d of the same month, the persons summoned in pursuance of said application, returned an assessment

of damages in favor of said appellee, which was entered by the justice, and judgment rendered thereon in favor of said appellee for the amount thereof, to-wit, 2,500 dollars. On the 6th of *June*, the appellants paid, and the appellee received, the said assessment, and receipted therefor on said judgment.

On the 18th of *June*, the appellants filed bond and appealed to the Circuit Court.

These facts all appear upon inspection of the transcript of the justice.

In the Circuit Court, the appellee appeared and moved the Court, upon affidavit and written causes filed, to dismiss the appeal.

The affidavit shows, in addition to the above facts, that, before said appeal was taken, the appellants had taken possession of the lot named, and still held possession, and had removed the building of plaintiff and constructed the contemplated road.

The Court dismissed the appeal.

The only question in the case arises upon that ruling.

It is insisted that if an appeal is permitted in this case, it is at the expense of the 21st section of the bill of rights of our state constitution, which provides that no man's property shall be taken by law, &c., without compensation first assessed and tendered; that upon such assessment and payment, to the satisfaction of the owner of the land, the applicant is at liberty to enter immediately upon the land thus condemned; and that the payment of the amount assessed, followed by the entry upon the land, was a virtual acquiescence in the determination arrived at.

We do not view it in that light. We think that, under the provision of the constitution referred to, it was the duty of the appellants to tender the amount assessed, before the right to enter could arise; if it was important, to the interest of the appellants, that the entry should be made immediately, before an appeal from the judgment upon the assessment could be finally disposed of, we think the party seeking to make the entry would not be precluded from further litigating the amount of the damages by mak-

May Term,
1859.

ANDERSON
v.
THE NEW-
CASTLE, &c.,
RAILRO'D Co.

ing such a tender as would, under the constitutional provision, authorize him to enter on the lands.    The tender, at that stage of the proceedings, would have to be the full amount of the assessment.    We do not think the fact that the defendant accepted the tender, changes the rights of the parties.    *Louderback* v. *Rosengrant*, 4 Ind. R. 564.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman* and *B. Spooner*, for the appellants.

*A. Brower* and *D. S. Major*, for the appellee.