# THE CHICAGO, SANTA FE AND CALIFORNIA RAILWAY COMPANY

## v.

## DE WITT PHELPS.

*Filed at Ottawa June 16, 1888.*

1. EMINENT DOMAIN—*right of entry pending petitioner's appeal.* Where a railway company prosecutes an appeal from the assessment of compensation and damages, and gives the bond provided for in section 13 of the Eminent Domain act, conditioned for the payment of such compensation as may be finally adjudged in the case, it will have the right to enter upon the use of the property pending the appeal, and it will be error in the trial court to refuse the petitioner an order authorizing such entry and use.

2. SAME—*conditional acceptance by land owner of compensation money deposited as a condition to granting right of entry pending appeal—effect upon the appeal itself.* Where a railway company seeking a condemnation for right of way and for depot grounds, appealed from the assessment of compensation and damages, and was required to deposit the amount of the assessment with the county treasurer before the court would make an order giving a right of entry pending the appeal, and the land owner, before the trial of the appeal, received the condemnation money of the treasurer upon condition he would return the same to the company in case of a reversal of the judgment, it was *held,* that the receipt of the money under such circumstances was not such a satisfaction and extinction of the judgment as that no appeal would lie from it, and consequently no ground for dismissing the appeal. In such case, the payment was not intended by the parties as a payment of the judgment appealed from.

3. SAME—*damages as to land not taken—burden of proof—evidence in rebuttal.* The petitioner, in seeking to condemn land for railway purposes, is not bound to assume that land not taken will be damaged, and go on and make proof in respect of it, nor, in the absence of proof by the land owner tending to show such damage, is it bound to assume the burden of proving a negative.

4. On the assessment of the compensation for land sought to be condemned for a railroad depot and right of way, the petitioner gave evidence as to the value of the land sought to be taken, but none as to damage to land not taken. The land owner gave evidence on the question of compensation, and also as to damages to the land not sought to be taken, and the court refused to allow the petitioner to give evidence in rebuttal on the question of such alleged damages: *Held,* that the court erred in excluding the evidence offered in rebuttal in relation to the damages claimed as to the land not taken.

APPEAL from the County Court of Warren county; the Hon. J. H. STEWART, Judge, presiding.

Messrs. GRIER & STEWART, for the appellant:

Appellee had no right to have damages assessed to the north half of the south-west quarter of section 26, without bringing it in by proper cross-petition. *Mix* v. *Railway Co.* 67 Ill. 319; *Jones* v. *Railway Co.* 68 id. 380; *Railway Co.* v. *Sawyer,* 71 id. 361; *Railroad Co.* v. *Hopkins,* 90 id. 316.

The court erred in refusing to allow petitioner to rebut the evidence of damages to the land not taken, especially that brought into the case by cross-petition. As to the land actually taken, the court will presume it has value, being actual property, but the court can not presume that the market value of the balance not taken will be diminished. *Suver* v. *Railway Co.* 123 Ill. 293.

The money was paid to the county treasurer to enable the appellant to enter upon the land pending the appeal, and by him to the appellee, under an agreement it should be repaid in case of a reversal. The transaction was not a payment and satisfaction of the judgment. *Railway Co.* v. *Coal Co.* 79 Ill. 121; *Prickett* v. *Madison County,* 14 Bradw. 454.

Mr. A. McKENZIE, for the appellee:

The petitioners had no right to rebut the proof of damages as to the part not taken of the two eighties named in the petition. It is only as to additional land a cross-petition is required. *Railroad Co.* v. *Hopkins,* 90 Ill. 316; *Mix* v. *Railroad Co.* 67 id. 319; *Railway Co.* v. *Birkbeck,* 70 id. 208; Rev. Stat. chap. 47, secs. 8, 9.

The damage to land not taken, when there is such damage, is as much a part of the just compensation as is the value of the land taken. The petitioner has the opening and closing to the jury. It first exhibits its evidence of what the "just

compensation" is, and it would be hardly fair to let petitioner put in proof of a part of what the compensation would and should be, and then, if no other evidence was offered, get off with but a part, but if the rest of the true and "just compensation" is shown by other evidence, then come in with reserve evidence to rebut.

The petitioner must, in the first instance, show what is a "just compensation." He is bound to go into the whole matter of compensation as to lands mentioned and described in his petition. There is no good reason why he can reserve evidence proper in chief, and which honesty would require him to introduce in chief if no defense was made, and then call it rebuttal.

The petitioner should be compelled to bring forward proof of "just compensation," and there is no more reason or justice in saying he can keep back one branch as rebuttal, than another.

The court had no right, under the statute, to grant petitioner's motion to be let into possession without first paying the compensation.

The statute provides what the order shall be:   "The judge or court shall, upon such report, proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property, and the use of the same, upon payment of full compensation, as ascertained, as aforesaid."   Rev. Stat. sec. 10, "Eminent Domain."

"Private property shall not be taken for public use without just compensation."   Const. 1870, art. 2, sec. 13.

The language and plain intent of the statute are, that no right to the land shall inure to the corporation until payment of the compensation.   *Cook* v. *South Park Comrs.* 61 Ill. 121.

Under the statute and constitution, the petitioners can not occupy the land until the damages assessed are paid.   In no other mode can an owner be deprived of his land through the exercise of the power of eminent domain. (*People* v. *Williams,* 51 Ill. 63.) He can not be referred to a corporation of doubtful

responsibility, and a judgment (or bond) which may never be paid. *Cook* v. *South Park Comrs.* 61 Ill. 115.

The appellant can not voluntarily pay an amount adjudged as compensation, and at the same time prosecute an appeal from the judgment fixing the amount of such compensation.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The appellant, on the 19th of July, 1887, presented its petition, under the Eminent Domain act, to the judge of the county court of Warren county, praying for the condemnation of a strip of land for right of way, one hundred feet wide, extending across a part of the south half of the south-west quarter, and the west half of the south-east quarter, of section 26, township 10 north, range 3 west, being the property of appellee. The judge made an indorsement on the petition, stating the time it was presented, and fixing the 3d of August for hearing the same. Pending the hearing, which commenced on the day stated, by leave of the court, and with the consent of the parties, it was agreed that the petition should be amended so as to embrace not only the strip of land required for right of way, but also an additional strip for the purposes of depot buildings, switches, side-tracks, etc. To meet this change in the scope of the petition, which appellee claimed would injuriously affect the north half of the south-west quarter of section 26,—a part of his farm not mentioned in the petition,—it was further agreed that appellee should file a cross-petition, setting forth his claim to damages for the alleged injury to the latter tract. With a view of facilitating the trial, it was agreed between counsel that the hearing of the evidence should proceed as though the cross-petition was on file, and that counsel for appellee might prepare it and place it on file at their leisure. It appears, however, that although it was prepared while the trial was going on, yet it was never filed by the clerk, or incorporated into the record, until after the present appeal was

taken. Indeed, the original cross-petition was lost altogether; yet, upon notice in the lower court to amend the record, its contents were proved, and a substantial copy of it substituted in its stead. It is quite clear the case was tried upon the theory that there was a cross-petition in it, and this was so understood by the court and the counsel on both sides, and, as just seen, when it was discovered the transcript did not contain the cross-petition, the record, upon due notice, was amended. The jury, by their verdict, fixed the value of the land taken at $955.52, and assessed the damages to the land not taken at $1658, making altogether $2613.52, and judgment was entered upon the verdict for that amount. The company prayed an appeal to this court, which was allowed "on petitioner filing bond, on appeal, in the sum of $5000, with approved security, the said bond to be approved by the judge of the county court, and filed in thirty days from that date, * * * the condition of said bond to be for the payment of such compensation as might be finally adjudged in this case." The court, however, refused to make an order permitting the petitioner to go into possession of the premises sought to be taken, upon the execution of such bond, to which ruling of the court the petitioner at the time excepted.

The 13th section of the Eminent Domain act, and under which said order was asked, provides as follows: "In cases in which compensation shall be provided, as aforesaid, if the party in whose favor the same is ascertained shall appeal such proceeding, the petitioner shall, notwithstanding, have the right to enter *upon the use of the property*, upon entering into bond, with sufficient surety, payable to the party interested in such compensation, conditioned for the payment of such compensation as may be finally adjudged in the case; *and in case of appeal by the petitioner, petitioner shall enter into like bond,* with approved surety." While this section does not, in express terms, provide that the petitioning company, on its own appeal, shall, upon filing the bond therein provided for, have the

right to enter *upon the use of the property* pending the litigation, nevertheless we think this was the intention of the legislature, and any other construction of it would subject the petitioner to great loss and inconvenience in the case of an oppressive and unjust judgment, from which an appeal would afford the only relief. Upon a careful consideration of the question, we are of opinion that the county court erred in not making the order in question. By such entry the petitioner only acquires the temporary use of the premises pending the litigation; and so far as any constitutional question is concerned, we perceive no difference, on principle, between a case like this and one where a railway company enters upon the land of another for the purpose of making preliminary surveys and locating its line of road, and the right to do this is not questioned.

It further appears, that the petitioner, failing to obtain the order in question, deposited the amount of the judgment with the county treasurer, who executed to the company his receipt therefor, and thereupon the treasurer paid the same over to appellee, upon the terms and conditions set forth in the subjoined receipt, which, after being entitled in the cause, proceeds as follows:

"Received of W. T. Gossett, county treasurer of Warren county, Illinois, $2613.52, being the full amount of money deposited with him by the above company, under order of court in the above entitled cause, which I hereby agree to refund to the Chicago, Santa Fe and California Railway Company in case the judgment in the above entitled cause shall be reversed by the Supreme Court of this State, on appeal or writ of error.

"Dated September 1, 1887.                    DeWitt Phelps."

Appellee, proceeding upon the hypothesis that the delivery of the money deposited by the company with the county treasurer to appellee, notwithstanding the conditions upon which such delivery was made, operated as an absolute satisfaction and extinction of the judgment, so that no appeal would lie

from it, has entered a motion in this court to dismiss the appeal upon the stipulated facts, as just stated. That it was not the intention of the parties that the transaction should have such an effect, is manifest. Nor do we think the law, in contravention of the manifest understanding of the parties, attaches to it the serious consequences which appellee's counsel ascribe to it. The motion has little, if anything, to commend it, view it as we may, and it will therefore be overruled.

The petitioner, on the trial, offered no evidence in chief except as to the value of the land to be taken. The appellee then offered evidence not only in respect to the value of the land taken, but also for the purpose of showing damages in respect to the land not taken, including that mentioned in the petition as well as the cross-petition. The appellant then introduced as a witness J. W. Robertson, who, after stating he was acquainted with the manner in which appellant's road runs through the land in question, and how appellee's farm and buildings are located, was asked the following questions:

"What effect, in your judgment, will the construction and operation of that railroad, where it is proposed to construct and operate it, with a station on the ground of Mr. Phelps, have upon the market value,—the selling value,—of the land that is not taken?"

"Will the market value of the south half of the south-west quarter of section 26, and the west half of the south-east quarter of section 26, be in any way affected, in your judgment, by the construction and operation of the railroad, with a depot on the ground?"

"In your judgment, will the construction and operation of this railroad across the south half of the south-west quarter of section 26, and the west half of the south-east quarter of section 26, diminish the market value of the balance of these two eighties not included in the right of way?"

On objection by appellee, these questions were all held by the court improper, on the ground, as we gather it, that the

evidence should have been offered in chief, and not in rebuttal. Many questions of like character, propounded to other witnesses, were excluded by the court on the same grounds, to all of which rulings the appellant, by its counsel, excepted. We think the court erred in not permitting the witness to answer the above questions, and in holding other questions of like character improper.

While we fully recognize the general rule, that a plaintiff will not be permitted to reserve a part of his evidence in chief, to be brought forward in rebuttal, and thereby obtain an undue advantage over his adversary, yet, at the same time, we do not think the appellant, by reason of this rule, was bound, at its peril, to assume that the land not taken was damaged, and to go on and try to make proof of it. Nor was appellant, on the other hand, in the absence of any proof tending to show such damage, bound to assume the burden of proving a negative. The appellant's right to the relief asked did not depend at all upon its showing that the land not taken was damaged. Such proof would not have been in support of any allegation in the petition, yet, under the decisions of this court, the appellee had the right to offer such evidence, under the petition, as to all lands mentioned in it, without filing a cross-petition. Having availed himself of this right by offering new and independent evidence, we think it clear the appellant had the right to be heard in rebuttal.

For the errors indicated, the judgment of the court below will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*