### WILLIAM T. JOHNSON

*v.*

### METROPOLITAN WEST SIDE ELEVATED RAILROAD CO.

*Filed at Ottawa March 28, 1896.*

APPEALS AND ERRORS—*when injunction, pending an appeal in condemnation, will be dissolved.* A decree dissolving an injunction against the construction of a railroad upon premises sought to be condemned, pending an appeal by the railroad company from the award of damages, will be affirmed where the judgment for damages has been affirmed. *Chicago, Santa Fe and California Railway Co.* v. *Phelps,* 125 Ill. 482, and *Atchison, Topeka and Santa Fe Railroad Co.* v. *Schneider,* 127 id. 144, followed.

APPEAL from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

MATZ & FISHER, for appellant:

In the absence of a constitutional provision on the subject, the payment of compensation for private property taken for public use must be prior to or concurrent with the act of taking possession of the property. *Gardner* v. *Newberg,* 2 Johns. Ch. 161; *Ex parte Martin,* 13 Ark. 200; 2 Kent's Com. 339, note; Lewis on Eminent Domain, secs. 455-460.

Security for payment will not be sufficient. *Railroad Co.* v. *Piel*, 87 Ky. 272; *Chambers* v. *Railroad Co.* 69 Ga. 320; *Thompson* v. *Railroad Co.* 3 How. (Miss.)241; *Redman* v. *Marlton*, 33 N. J. Eq. 165; Mills on Eminent Domain, sec. 136.

An exception to this rule is, however, sometimes recognized in favor of the State or municipality, as distinguished from private or *quasi* public corporations, upon grounds of public policy or public necessity. Cooley's Const. Lim. sec. 692, and cases cited; Mills on Eminent Domain, sec. 124; Lewis on Eminent Domain, sec. 457; *Dronberger* v. *Reed*, 11 Ind. 420; *Railroad Co.* v. *Piel*, 87 Ky. 267; *Railway Co.* v. *Hill*, 9 Ore. 377; *Sanborn* v. *Belden*, 51 Cal. 266; *Walther* v. *Warner*, 25 Mo. 287; *Shepardson* v. *Railroad Co.* 6 Wis. 605; *Commissioners* v. *Bowers*, 34 Ala. 462.

Our constitution recognizes the distinction between condemnations by the State and those by railroad companies and in favor of the State. Const. art. 2, sec. 13.

Wilson, Moore & McIlvaine, for appellee:

It is well settled by a line of decisions of this court, that compensation for property damaged need not be made before the damage is done. *Stetson* v. *Railroad Co.* 75 Ill. 74; *Patterson* v. *Railroad Co.* id. 588; *Railway Co.* v. *Schertz*, 84 id. 135; *Truesdale* v. *Grape Sugar Co.* 101 id. 564; *Insurance Co.* v. *Heiss*, 141 id. 35; *Parker* v. *Catholic Bishop*, 146 id. 158.

Per Curiam: Appellee herein filed its petition, under the Eminent Domain act, to condemn certain premises of appellant, situated in Chicago, for its right of way. Johnson, the appellant, was awarded damages to the extent of $62,959.10, and appellee took its appeal to this court from that judgment. After the expiration of the term, and after filing its appeal bond, appellee, without paying or tendering the compensation awarded, either to appellant or the county treasurer, entered upon the premises and began to make excavations preparatory to the construction of its road. Johnson filed his bill and

obtained a preliminary order enjoining appellee from proceeding further in constructing its road on the premises in question. Afterward the injunction was dissolved on bill and answer, on a hearing before another chancellor, and Johnson took this appeal from the decree dissolving the injunction. He insists that the company could not lawfully enter upon the property until the compensation awarded had been paid, and that the trial court erred in dissolving the injunction.

It is insisted with much force that the construction placed upon the 13th section of the Eminent Domain statute in *Chicago, Santa Fe and California Railway Co.* v. *Phelps*, 125 Ill. 482, and *Atchison, Topeka and Santa Fe Railroad Co.* v. *Schneider*, 127 id. 144, is, in the first place, an erroneous one, and in the second place, if warranted by the language of the statute, that the statute is in violation of the constitution, which provides that private property shall not be taken or damaged for public use without just compensation. Many cases decided by this and other courts are cited tending to support the contention that where the condemning company appeals it must pay or deposit the compensation awarded, or else await the final determination of the appeal before taking possession of the property. We are asked to consider the question as one of first impression, and to overrule or qualify the rulings in the two cases above cited so far as they appear to decide the question here involved. Inasmuch, however, as the judgment for damages from which the appeal was taken by the company in this case has been affirmed by this court, there is no longer any ground for contention between the parties over the question of possession, and whatever conclusion might be reached on further consideration, (were such further consideration necessary to a determination of the rights of the parties,) we shall, upon the sole authority of the two cases above cited, affirm the decree.                *Decree affirmed.*