MARIA J. DAVIS *et al.*

*v.*

THE NORTHWESTERN ELEVATED RAILROAD COMPANY.

*Opinion filed December 22, 1897.*

1. RULES OF COURT—*existence of rule of court must be shown by records.* The existence of a rule of court must be shown by the records of the court.   Affidavits as to its existence are not competent.

2. EMINENT DOMAIN—*compensation to be found by regular panel when proceeding is heard in term time.*   Section 6 of the Eminent Domain act, (Rev. Stat. 1874, p. 476,) concerning the manner of securing a jury in eminent domain proceedings, applies only when the proceeding is to be heard in vacation.   When the proceeding is heard in term time the compensation must be ascertained by a jury from the regular panel.

3. SAME—*when petitioner need not prove inability to agree on compensation.*   A condemnation petitioner need not show that he was unable to agree with the owners upon compensation, where, by the pleadings, it appears that the defendants were non-residents and some of them minors.

4. SAME—*verdict, within the range of evidence, not disturbed on appeal.*   A condemnation verdict rendered upon conflicting testimony and after the jury had viewed the premises will not be disturbed, on appeal, if within the range of evidence.

5. SAME—*fact that witness has made sales of similar property is admissible.*   Where a witness has testified as to the damage to property sought to be taken, evidence of sales of similar property by such witness is admissible for the purpose of determining the credit to be given to his testimony.

6. SAME—*damages—test for determining damage to land not taken.*   Where part of a tract of land is taken for the construction of an

elevated railroad, the test for determining the damage to the part not taken is, whether the fair market value of that part is diminished by the taking of a part of the whole tract and by the construction and operation of the railroad.

7. SAME—*right of petitioner to enter, upon giving bond, where owner appeals.* Where a property owner appeals from a condemnation proceeding, the petitioner may, under section 13 of the Eminent Domain act, (Rev. Stat. 1874, p. 477,) file a bond, to be approved by the court, conditioned for the payment of such compensation as shall finally be adjudged, and enter into possession of the property without depositing with the county treasurer the amount of the condemnation judgment.

CARTER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

FRANKLIN P. SIMONS, for appellants:

Private property can only be taken for public use by consent of the owner, or by a proceeding to condemn in strict conformity with law. The eminent domain statute is mandatory—not merely directory. *Mitchell* v. *Railroad Co.* 68 Ill. 286; *Hyslop* v. *Finch,* 99 id. 171; *Railroad Co.* v. *Smith,* 78 id. 96; *Railroad Co.* v. *Chicago,* 132 id. 372; *Reed* v. *Railway Co.* 126 id. 48; *Railroad Co.* v. *Galt,* 133 id. 657.

Where the petitioner fails to show an inability to agree with the land owner as to the compensation to be paid, and it does not appear any effort was made to purchase or agree on the compensation or price to be paid for the land sought to be taken, it will be insufficient to give the court jurisdiction or to entitle the petitioner to the right of condemnation. *Reed* v. *Railway Co.* 126 Ill. 51.

Under the statute it is the payment of the money found by the jury, and not the order of the court, that confers the right of way. Such order, with evidence of payment, will constitute a justification for taking the property condemned. *Bloomington* v. *Miller,* 84 Ill. 621.

The judgment merely fixes the amount to be paid before property can lawfully be taken. *Chicago* v. *Barbian,* 80 Ill. 482; *Railway Co.* y. *Teters,* 68 id. 144.

ELBERT H. GARY, and LEGRAND W. PERCE, for appellee:

It is not a prerequisite to jurisdiction in a condemnation case that petitioner should allege or prove a failure to agree with a non-resident or minor as to amount of compensation.   Rev. Stat. chap. 47, sec. 2.

Where a petition for condemnation is filed in term time and made returnable to a regular term, and is not "fixed" for hearing in vacation, it is not a vacation proceeding. Rev. Stat. chap. 47, sec. 3; *Hercules Iron Works* v. *Railway Co.* 141 Ill. 491.

When judgment has been entered which provides that petitioner may enter into the use and possession of property upon payment of the compensation awarded, and the respondent then perfects an appeal, it is proper for the court to permit the petitioner to enter upon the use of the property pending the appeal, upon giving the requisite bond.   Rev. Stat. chap. 47, sec. 13; *Railway Co.* v. *Phelps*, 125 Ill. 482; *Railroad Co.* v. *Schneider*, 127 id. 144; *Chapman* v. *Gates*, 54 N.Y. 143; *Pittsburg* v. *Scott*, 1 Pa. St. 309; *Mercer* v. *McWilliams*, 1 Wright, 132; *Shearers* v. *Commissioners*, 13 Kan. 145; *Jackson* v. *Winn*, 4 Litt. 322.

In cases involving the amount of compensation to be awarded, the verdict of the jury will not be disturbed if it is within the evidence offered in the case.   *Railway Co.* v. *Moore*, 124 Ill. 329; *Snodgrass* v. *Chicago*, 152 id. 600; *Railroad Co.* v. *Blake*, 116 id. 163; *O'Hare* v. *Railroad Co.* 139 id. 156; *Stockton* v. *Chicago*, 136 id. 436; *Kiernan* v. *Railway Co.* 123 id. 188; *Railway Co.* v. *Johnson*, 159 id. 434; *Ward* v. *Railroad Co.* 119 id. 293.

Evidence of sales of similar property is admissible to show the value of property sought to be taken, and the trial court has a large discretion in the admission of evidence on the subject.   *Cemetery Ass.* v. *Railroad Co.* 121 Ill. 213; *Peoria Gas Light Co.* v. *Railway Co.* 146 id. 372; Mills on Eminent Domain, par. 170.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Appellee was engaged in building an elevated railroad between Wilson avenue and Harrison street, and it became necessary to acquire the west fifty feet of lots 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28, in sublot 4, Sheffield's addition to Chicago, in section 32, township 40, north, range 14, east of third principal meridian. On these lots were situated seventeen tenement buildings, located on Bissell street, and it became necessary to take about five feet off the rear of said buildings, in addition to the wooden porches thereof. The petition for condemnation was filed September 8, 1894, and was referred to the regular June term, 1895, of the circuit court. Affidavit of non-residence of the appellants was duly filed and publication made pursuant to law. The appearance of appellants was entered on January 4, 1895, and subsequently the cause was set for trial for August 27, 1895.

The first objection made by appellants is, that under the rules of the circuit court of Cook county the time from the third Monday of July to the third Monday of September of each year constitutes a vacation as to all trials by jury and other proceedings therein of a similar nature, and that no jury could be in attendance on said court or selected in the manner provided by said statute for the trial of civil suits, as all except emergency business was suspended at that time. The circuit court issued a venire for seventy-five jurors to appear on the date on which the case was set for trial, it being on a date during the August term, 1895. On that date the appellants entered their challenge to the array, and filed affidavits showing the rule of court and the selection of a jury. It is now insisted that the challenge to the array should have been sustained, as the jury were not selected under section 6 of the Eminent Domain act. The two objections may be considered together.

Whilst a rule of court with reference to the proceedings and practice of the court is binding if not in conflict with the statute or law, yet a rule of court, if it exists, must be shown by the records of the court.  So far as presented by the abstract of this case such a rule is not shown to have existed, otherwise than by the affidavits filed in the case.  The existence of a rule of court depending upon the record, the rule must be shown by the record, and not by affidavit, and it cannot be said that this record shows a rule of court providing for a vacation from the 15th of July to the 15th of September.  By reference to the statute of the State it is found that the terms of court therein provided for include an August term of the circuit court of Cook county, and the presumption would necessarily follow that the court had a jury.  If a jury was not in attendance on the court, the common law right to issue a venire existed in the court, and, as expressly provided by section 12 of chapter 78 of the Revised Statutes, "in case a jury shall be required in such court for trial of any cause before the panel shall be filled,   *   *   *   the court shall direct the sheriff to summons from the bystanders, or from the body of the county, a sufficient number," etc.   In *Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 Ill. 491, we said in reference to the Eminent Domain act (p. 496): "There is no provision made for obtaining a jury where the cause is to be heard in term time, and it follows, necessarily, we think, that the compensation is to be ascertained by the jury regularly impaneled for the term.  The panel having been selected according to the statute regulating the selection and choosing of jurors for the court, a jury is provided for the ascertainment of compensation as 'prescribed by law.'  If jurors from the regular panel called to try the cause were not freeholders, it would, at most, amount to a cause for challenge of the individual jurors."  It cannot be held the court erred in hearing the case at the August

term as a regular term, or in overruling the challenge to the array. Jurisdiction existed in the court to hear a case at the August term, and a jury regularly impaneled could ascertain the compensation as prescribed by law, without it being necessary for the court to select a panel as provided by section 6 of the Eminent Domain act.

It is contended that the court had no jurisdiction to entertain the petition unless there was proof of failure on the part of the petitioner to agree with the lot owners as to the amount of compensation. The pleadings show that defendants were non-residents, and that certain of them were minors. In such case it is not necessary to show by proof that the compensation and damage could not be agreed upon. The minors could not make an agreement.

It is insisted that the verdict, in awarding compensation and damage, is not in accordance with the evidence. A great number of witnesses were examined whose testimony was conflicting both as to the value of the property taken and damage to that not taken, and whilst the verdict is not as great as claimed by some of the witnesses on the part of the lot owner, yet it is for a larger amount than is claimed by some witnesses for the petitioner. Without entering into an extended discussion of this evidence it is sufficient to say the amount of compensation awarded by verdict of the jury, or the damage assessed, will not be disturbed if within the evidence offered.

It appears that the jury examined the property and heard testimony, and they were authorized to take that testimony, in connection with their own judgment, into consideration in determining the just compensation, for the rule is, where there is diversity of opinion and conflict of testimony among witnesses as to the value of the property proposed to be taken or damaged, and the jury have made a personal inspection, this court will not reverse on the grounds that the damages are excessive or inadequate or that the evidence does not support the verdict, as the jury have a right to base their verdict, to

some extent, upon their own examination of the property. (*Chicago and Evanston Railroad Co.* v. *Blake,* 116 Ill. 163; *Ward* v. *Minnesota and Northwestern Railroad Co.* 119 id. 287; *Snodgrass* v. *City of Chicago,* 152 id. 600.)   In *O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 Ill. 151, it was said (p. 156):   "It is next urged that the evidence fails to sustain the verdict,—that it is too small.   The evidence bearing upon the value was conflicting, ranging from $7631 to $15,000.   The verdict was for $9251, and it is clear that there is ample evidence upon which to predicate the finding.   The witnesses severally testified to their experience and means of knowledge, and the jury saw them, and had an opportunity to judge of their intelligence and fairness which we do not possess.   Besides, the jury inspected the premises and had the advantage of a personal view and observation, which they were authorized to consider in connection with the evidence heard.   We are not, therefore, justified in interfering upon this ground."

The contention in this case is that the verdict is too small.   Under the authorities above cited that question was peculiarly within the province of the jury.   It was objected on trial that evidence of sales of similar property by witnesses was inadmissible as showing the basis of knowledge of a witness.   A trial court has a large discretion in the admission of evidence on this subject, and knowledge of a witness derived from actual sales is never a test of competency, but it is always desired and may be shown for the purpose of determining, not the competency of the witness, but the value to be given his testimony.   (*Chicago and Evanston Railroad Co.* v. *Blake, supra.*)   The compensation to be paid for land actually damaged is to be found by the jury, from which finding there can be no deduction; but in determining whether the remaining portion of the land from which a parcel has been taken is damaged by the construction and operation of a railroad, the test is, what is the fair market value of such remaining parcel, and how has that value been affected

by reason of the taking of a part of the tract and by the construction and operation of the road. If the value of the part not taken is not diminished then it is not damaged by such construction and operation. *Metropolitan West Side Elevated Railway Co.* v. *Stickney*, 150 Ill. 362.

It is insisted that the court erred in giving instructions Nos. 4 and 6. No. 4 is to the effect that the compensation to be paid for the parcel of land proposed to be taken is the fair cash value at the date of filing the petition, but that it is the duty of the jury to ascertain such compensation from the evidence, including their own view of the premises. No. 6 is, that in determining whether the remainder of any lot or parcel of land not taken would be damaged by the construction and operation of the railroad, the test question is, whether the fair cash market value of such land or parcel would be less by reason of the part taken and by reason of the construction and operation of the road. Both state correct propositions of law, and it was not error to give the same.

Objection is made to the giving of instruction No. 11, which was to the effect that the jury are the sole judges of the credibility of the witnesses, and each of them, and that the jury were not necessarily bound by the testimony of any witness, but might give it such weight as they believed it to be entitled, and consider the testimony of each witness in connection with the evidence and with their view of the premises. The objection made to this instruction is, that under it, if the jury believed their inspection of the premises furnished a more reliable basis for the assessment of damages than that derived from the testimony, they would be justified in wholly disregarding the testimony of the witnesses. The instruction is not obnoxious to this objection. The jury are not bound to accept absolutely the opinion of a witness as to value. They are the sole judges of the credibility of witnesses, and must apply the test prescribed under the instruction in determining the weight to be given the evidence, and

that evidence, in connection with their view of the premises, constitutes the basis from which they are to find their verdict.   There was no error in giving the instruction for the petitioner.

The error assigned in refusing five instructions asked by the lot owners is not well taken.   Without extending this opinion by quoting the instructions, it is sufficient to say that the propositions stated therein are included in instructions given.   There was no error in the giving or refusing of instructions.

The order of the court entering judgment on the verdict of the jury provides that the appellee should pay to appellants, or to the county treasurer of Cook county for their benefit, the sum of $39,393 as full compensation and damage, and upon the payment of the same the petitioner might enter upon the property condemned.   The judgment further provided for an appeal on the owners entering into bond in the sum of $250, but, notwithstanding the execution of such bond, the petitioner should have the right to enter upon the use of said property upon entering into bond in the penal sum of $40,000, with surety to be approved by the court.   Counsel for appellants, after the entering of this judgment, moved that appellee should be required to tender this money awarded or pay it into the county treasury.   On this motion the court ruled the money would be required to be tendered, when appellants' counsel waived that formality.   He then insisted the money should be deposited with the county treasurer.   The appellants filed their appeal bond, which was approved, and the appellee filed its bond in the sum of $40,000, which was also approved.   The question presented is, where such bond is required and given and approved, and the lot owner prosecutes an appeal, must the petitioner, in addition thereto, deposit with the county treasurer the amount awarded by the jury?

This cannot be regarded as an open question in this State under the construction given to the Eminent Do-

main act by this court. In *Chicago, Santa Fe and California Railway Co.* v. *Phelps*, 125 Ill. 482, this court said (p. 486): "The company prayed an appeal to this court, which was allowed 'on petitioner filing bond, on appeal, in the sum of $5000, with approved security, the said bond to be approved by the judge of the county court and filed in thirty days from that date,    *    *    *    the condition of said bond to be for the payment of such compensation as might be finally adjudged in this case.' The court, however, refused to make an order permitting the petitioner to go into possession of the premises sought to be taken, upon the execution of such bond, to which ruling of the court the petitioner at the time excepted. The thirteenth section of the Eminent Domain act, and under which the said order was asked, provides as follows: 'In cases in which compensation shall be provided, as aforesaid, if the party in whose favor the same is ascertained shall appeal such proceeding, the petitioner shall, notwithstanding, have the right to enter upon the use of the property upon entering into bond with sufficient surety, payable to the party interested in such compensation, conditioned for the payment of such compensation as may be finally adjudged in the case; and in case of appeal by the petitioner, petitioner shall enter into like bond, with approved surety.' While this section does not, in express terms, provide that the petitioning company, on its own appeal, shall, upon filing the bond therein provided for, have the right to enter upon the use of the property pending the litigation, nevertheless we think this was the intention of the legislature, and any other construction of it would subject the petitioner to great loss and inconvenience in the case of an oppressive and unjust judgment, from which an appeal would afford the only relief. Upon a careful consideration of the question we are of opinion that the county court erred in not making the order in question. By such entry the petitioner only acquires the temporary use of the premises pending the

litigation, and, so far as any constitutional question is concerned, we perceive no difference, on principle, between a case like this and one where a railway company enters upon the land of another for the purpose of making preliminary surveys and locating its line of road, and the right to do this is not questioned."

Again the same question was before this court in *Atchison, Topeka and Santa Fe Railroad Co.* v. *Schneider*, 127 Ill. 144, where it was said (p. 151): "The case of *Chicago, Santa Fe and California Railway Co.* v. *Phelps*, 125 Ill. 482, is decisive of the right of appellant to an order permitting it to enter upon the premises sought to be condemned on filing its appeal bond in conformity with the order granting an appeal, and the court below erred in refusing to make it, but as the same purpose was accomplished by paying the money to the county treasurer, the judgment would not be reversed for that error. Counsel for appellees maintains that by actually taking possession of the buildings in question, and especially by a removal of one of them and permitting the other to stand vacant and fall into ruin, appellant has put it out of the power of the court to grant a view of the premises as they were when occupied by appellees, and therefore another trial cannot be had, as contemplated by the statute, and appellant should for that reason be held to have waived its right to insist upon a reversal and new trial. Assuming that the facts exist as stated (of which there is no proof in the record) and that the question is fairly before us for decision, we have no hesitancy in holding the position untenable. Section 13 of the act, as construed in *Chicago, Santa Fe and California Railway Co.* v. *Phelps*, *supra*, gives appellant 'the right to enter upon the use of the property' pending the appeal. Section 12 of the same act gives the right of appeal. The position of counsel amounts to saying that the exercise of one of these rights is a waiver of the other, whereas by the very terms of the statute they are concurrent. A personal examination of premises to be

condemned, by the jury, may be desirable in most cases, but is not essential to a trial, under the statute."

In the *Schneider case* it was contended that by taking possession under the judgment appellant was barred from prosecuting its appeal. The point was well taken, unless, under the statute, the petitioner had the right to enter under the judgment and at the same time seek its reversal by appeal. The court held that such right was settled by the *Phelps case.*

We hold that the order and judgment entered by the circuit court were not erroneous.

From a consideration of the entire record the judgment of the circuit court of Cook county must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER, dissenting.

Mr. JUSTICE MAGRUDER: The learned Chief Justice, with that respect for established authority which always characterizes his official conduct, follows the decisions already made by this court. But it is a serious question, whether the legislature has any power to authorize a railroad company, or a municipal corporation, or any other kind of corporation, to take a man's property, or enter upon it, by merely giving him a bond, and without paying him for his property. The constitution provides that private property cannot be taken without just compensation. Is it just compensation to give a man a bond, which he may be compelled to sue upon, in order to get compensation for the property which is taken from him? As the power thus to take property is sustained by judicial decisions, which it is now difficult to overrule without interfering with much that has already been done and acted upon, it is to be hoped that the legislative branch of the government will ere long come to the relief of the people, and repeal or change this statute so odious, and of such doubtful constitutionality.