## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. NOWLIN ET AL.

[No. 20,423.  Filed November 18, 1904.]

EMINENT DOMAIN.—*Railroads.*—*Award.*—*Payment.* — Where a railroad company brings proceedings under §5160 Burns 1901 for the condemnation of land for a right of way, and the appraisers return their award, such company may pay to the circuit clerk such award and still retain the right to contest the amount of damages, by filing exceptions to such award within the ten days allowed by statute, the effect of the payment being to give such company a license to enter and build its road upon such land.  *p. 499.*

JUDGMENT.—*Payment.*—*Appeal.*—Section 644 Burns 1901, providing that "the party obtaining a judgment shall not take an appeal after receiving any money paid or collected thereon," applies only to judgments made appealable to the Supreme or Appellate Courts.  *p. 498.*

SAME.—*Payment by Defendant.*—*Appeal.*—Payment of a judgment by a defendant does not estop such defendant from prosecuting an appeal, since it may be the only means of preventing a sacrifice of his property.  *p. 499.*

From Dearborn Circuit Court; *William S. Holman*, Special Judge.

Action by the Cleveland, Cincinnati, Chicago & St. Louis Railway Company against Robert J. Nowlin and wife for the condemnation of lands.  From a judgment for defendant refusing to permit plaintiff to litigate an award in favor of defendant for $9,000 damages after payment, the plaintiff appeals.  Transferred from the Appellate Court under §1337u Burns 1901.  *Reversed.*

S. O. *Bayless, Roberts & Johnston, L. J. Hackney* and *John T. Dye*, for appellant.

H. D. *McMullen, C. W. McMullen* and *H. R. McMullen*, for appellees.

MONKS, J.—Appellant commenced this proceeding under §5160 Burns 1901, §3907 R. S. 1881 and Horner 1901, to condemn real estate owned by appellees, for a right of way.  After the appraisers returned their award,

appellant filed exceptions to the award, and thereafter paid to the clerk of the court below the amount of said award, and took possession of said strip of land described in the instrument of appropriation, and constructed its railroad thereon. Appellees received said money from the clerk, and filed no exceptions to the award. To appellees' answer averring said facts appellant replied that it paid said money to said clerk and took possession of said strip of land without any intention of waiving its right of appeal or of confirming the amount of said award, but solely for the purpose of obtaining the right to enter upon said strip of land and construct its railroad thereon while awaiting the determination of the amount of damages on appeal. The court below held that by the payment of said award to the clerk appellant was estopped from prosecuting its exceptions to said award, and rendered final judgment against appellant.

The question to be determined in this case is whether, in the exercise of the power of eminent domain under §5160, *supra,* a railroad company, if it excepts to the award, pays the amount assessed to the clerk, and takes possession for the purpose of constructing its railway, is thereby estopped from prosecuting its appeal.

Appellees insist (1) that appellant having voluntarily paid the amount assessed, and taken possession of the land and constructed its road thereon, has accepted the benefit of the award, and can not appeal therefrom; citing *Mc-Grew* v. *Grayston* (1896), 144 Ind. 165; *Sonntag* v. *Klee* (1897), 148 Ind. 536; *Holland* v. *Spell* (1896), 144 Ind. 561; *Baltimore, etc., R. Co.* v. *Johnson* (1882), 84 Ind. 420; §644 Burns 1901, §632 R. S. 1881 and Horner 1901; (2) that no appeal can be taken from a judgment by a party who voluntarily pays the same.

It is provided by §644, *supra,* that "the party obtaining a judgment shall not take an appeal after receiving any money paid or collected thereon." This provision applies

only to' judgments which are made appealable to the Supreme and Appellate Courts. It is, however, a general rule that a party who accepts the benefit of a judgment waives the right to prosecute an appeal from it. *Holland* v. *Spell, supra,* and authorities cited; Elliott, App. Proc., §§150, 151; Ewbank's Manual, §112. This rule was enforced in *Baltimore, etc., R. Co.* v. *Johnson, supra,* in which it was held that when benefits are awarded to a landowner in condemnation proceedings under §5160, *supra,* an acceptance of the sum awarded will preclude him from prosecuting an appeal.

It has been held by this court, however, that payment of a judgment by a defendant does not estop him from prosecuting an appeal from such judgment. *Armes* v. *Chappel* (1867), 28 Ind. 469; *Dickensheets* v. *Kaufman* (1867), 29 Ind. 154; *Hill* v. *Starkweather* (1868), 30 Ind. 434; *Belton* v. *Smith* (1873), 45 Ind. 291; *Bruce* v. *Smith* (1873), 44 Ind. 1, 10; Ewbank's Manual, 163; Elliott, App. Proc., §§151, 152; 2 Cyc. Law and Proc., 647, note 58. Elliott, App. Proc., §152 says: "It is obvious that there is an essential difference between one who pays a judgment against him and one who accepts payment of a sum awarded him by a judgment. Payment by a party against whom a judgment is rendered may often be necessary to protect his property from sacrifice, and what a party does to prevent the sacrifice of his property can not with any tinge of justice be held to preclude him from assailing the judgment."

Section 5160, *supra,* under which this proceeding was brought, provides that upon the return of the assessment the "corporation shall pay to said clerk the amount thus assessed, or tender the same to the party in whose favor the damages are awarded or assessed; and on making payment or tender thereof in the manner herein required, it shall be lawful for such corporation to hold the interests in such lands or materials so appropriated, * * * for

the uses aforesaid. * * * The award of said arbitrators may be reviewed by the circuit court or other court in which such proceedings may be had, on written exceptions filed by either party in the clerk's office, within ten days after the filing of such award. * * * Provided, that notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed." Here is an express grant of the right of appeal from the award of the appraisers, with a provision that "notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on appeal shall only affect the amount of the compensation to be allowed;" that is, while the appeal is pending, the railroad may be constructed on said property.

In *Indianapolis, etc., R. Co.* v. *Brower* (1859), 12 Ind. 374, a condemnation case under a law which contained no proviso in regard to the company taking possession of the property, where there was an appeal, like that in §5160, *supra,* the award was paid by the company and was received by the landowner. Thereupon the company appealed, and on motion of the landowner reciting the payment the circuit court dismissed the appeal from the award. This court, in reversing said ruling, said: "It is insisted that if an appeal is permitted in this case, it is at the expense of the twenty-first section of the bill of rights of our state Constitution, which provides that no man's property shall be taken by law, etc., without compensation first assessed and tendered; that upon such assessment and payment, to the satisfaction of the owner of the land, the applicant is at liberty to enter immediately upon the land thus condemned; and that the payment of the amount assessed, followed by the entry upon the land, was a virtual acquiescence in the determination arrived at. We do not view it in that light. We think that, under the provisions

of the Constitution referred to, it was the duty of the appellants to tender the amount assessed, before the right to enter could arise; if it was important, to the interest of the appellants, that the entry should be made immediately, before an appeal from the judgment upon the assessment could be finally disposed of, we think the party seeking to make the entry would not be precluded from further litigating the amount of the damages by making such a tender as would, under the constitutional provision, authorize him to enter on the lands. The tender, at that stage of the proceedings, would have to be the full amount of the assessment. We do not think the fact that the defendant accepted the tender, changes the rights of the parties."

It was held in *Fort St., etc., Co., v. Peninsular Stove Co.* (1895), 103 Mich. 637, 61 N. W. 1007, that the right of appeal is not lost to the condemnor by paying the award and taking possession of the land pending the appeal. The following authorities also sustain the view adopted by this court in *Indianapolis, etc., R. Co. v. Brower, supra: Fort St., etc., Co. v. Backus* (1892), 92 Mich. 33, 52 N. W. 790; *Oliver v. Union Point, etc., R. Co.* (1889), 83 Ga. 257, 9 S. E. 1086; *In re New York, etc., R. Co.* (1884), 94 N. Y. 287, 29 Hun 646; *St. Louis, etc., R. Co. v. Evans & Howard Brick Co.* (1884), 85 Mo. 307; *Commonwealth v. Hall* (1829), 8 Pick. 440; *Peterson v. Ferreby* (1870), 30 Iowa 327; *Chicago, etc., R. Co. v. Phelps* (1888), 125 Ill. 482, 17 N. E. 769; 7 Ency. Pl. and Pr., 632, 633; Lewis, Eminent Domain (2d ed.) §556; Mills, Eminent Domain (2d ed.), §139.

It has been uniformly held by this court that the payment to the clerk of damages awarded by the appraisers under §5160, *supra,* gives the railroad company a right to immediate possession, and a *prima facie* claim to the land, subject to an appeal in ten days after the award is filed. If no appeal is taken at the end of ten days, the

title vests and relates back to the date of payment, but if an appeal is taken, no title vests and the company has only the rights of a licensee under the statute to hold possession and proceed with the construction of the road pending litigation. When the compensation has been fully fixed on appeal, then the company must pay or tender the additional compensation fixed, if any, and on failure to do so it acquires no title to the land, and its license to hold possession and prosecute its work ceases. *Lake Erie, etc., R. Co.* v. *Kinsey* (1882), 87 Ind. 514; *Pittsburgh, etc., R. Co.* v. *Swinney* (1884), 97 Ind. 586, 592, 593; *Terre Haute, etc., R. Co.* v. *Crawford* (1885), 100 Ind. 550, 557; *Consumers Gas Trust Co.* v. *Harless* (1892), 131 Ind. 446, 452, 453, 15 L. R. A. 505, and authorities cited; *Sowers* v. *Cincinnati, etc., Railroad* (1904), 162 Ind. 676.

In *Pittsburgh, etc., R. Co.* v. *Swinney, supra,* it is said that the statute here in question "treats the filing of exceptions to the award of appraisers, appointed upon the application of a railroad company, as an appeal from the award to the court, under whose authority the appraisers 'were appointed, and has, in connection with the authority to appeal in that way, a proviso as follows: 'Provided, that notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed.' This proviso served as a license to the appellant to enter into and to continue in the possession of the property in dispute, pending the litigation which became necessary to determine the amount of compensation which it should be required to pay to enable it to acquire title."

It is evident under the authorities cited that when a railroad company appeals from the award within the ten days allowed, and pays the award to the clerk for the purpose of entering upon the property described in the instrument of

appropriation, that such a payment is not a voluntary payment in a legal sense, and the company is not thereby estopped from prosecuting its appeal.

Objection is made to the form of the demurrer to the answer, but demurrers substantially the same in form were held sufficient in *Lewellen* v. *Crane* (1888), 113 Ind. 289, and *Young* v. *Warder* (1884), 94 Ind. 357.

Judgment reversed, with instructions to sustain appellant's demurrer to appellees' answer.