## Chicago City Railway Company v. Mary A. Gregory.

### Gen. No. 11,963.

1. RULES OF COURT—*how established.* In order to establish the existence of a rule of court, the record of the court promulgating such rule should be offered.

2. POSTPONEMENT—*what does not preclude right of party to.* A corporation may be entitled to have a cause postponed under the rule providing for the passing of causes because of engagement of counsel, notwithstanding it does not appear that such corporation has not on trial at the time of the application a particular number of cases.

3. RE-DIRECT EXAMINATION—*what not proper upon.* Upon re-direct examination it is not proper to permit a witness to be interrogated as to a conversation in which it was asserted upon cross-examination that the witness had made a particular admission, where such witness denied upon such cross-examination that he had made any such admission.

4. INSTRUCTION—*need not repeat propositions of law.* It is not error to refuse an instruction, the substance of which is contained in another instruction given.

5. VERDICT—*when not disturbed.* A verdict will not be set aside where the evidence is conflicting unless clearly against the preponderance of the evidence.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed October 27, 1905.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $1,250 recovered against it by appellee in an action on the case for personal injuries alleged to have been sustained by her through the negligence of appellant.

Appellee was a passenger on an electric street car of appellant going east on Forty-seventh street. Forty-seventh street crosses Center avenue, a north and south street, at grade. On both streets appellant had car tracks, and the usual stopping place for cars going east on Forty-seventh street was on the west side of Center avenue. The declaration charged that on the night in question the car on which the plaintiff was, stopped on the east side of Center avenue, and that while plaintiff with due care, etc., was in the act of alighting from said car, the defendant negligently, etc., started said car forward, by means whereof the plaintiff was thrown down upon the ground, etc., and injured.

WILLIAM J. HYNES and FRANKLIN B. HUSSEY, for appellant; MASON B. STARRING, of counsel.

DAVID K. TONE and H. M. ASHTON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

As to the ruling of the court in denying the motion of the defendant to pass the case under rule 22 because of the engagement of Mr. Duncan, who was relied upon by the defendant to try the case, it is sufficient to say that it does

Chicago City Ry. Co. v. Gregory.

not appear that rule 22 was put in evidence. The bill of exceptions states that counsel for defendant stated that said rule 22 was "as follows," and then follows what apparently, from its language, is a rule of court, but the record of the court containing the rule was not offered in evidence. "The existence of a rule of court depending upon the record, the rule must be shown by the record." Davis v. Northwestern E. R. R. Co., 170 Ill. 595–599.

Upon the denial of said motion to pass, the presiding judge announced that the case would be marked as on trial and then adjourned court until the following day. At the opening of court at that time a second motion was made to pass the case on account of the serious illness of the wife of Mr. Hynes, who then appeared as counsel for the defendant, and the motion was also denied.

It appears from the record that in deciding this motion the court held that under rule 21 of the Circuit Court, "Where a corporation has less than six cases on trial in court at the time that a case is reached that it is not entitled to have a case passed under the rule." The language of the amendment to rule 21, upon which this decision was placed by the court, is as follows: "The assignment clerk will not place more than six cases upon the peremptory or trial call for a given day where the same litigant is party, plaintiff or defendant." We find nothing in this language of rule 21 to warrant or support the conclusion announced by the court.

For years the Circuit and Superior Courts of Cook County have had two distinct calls of the calendar. A first call, to ascertain what cases are ready for trial, and a peremptory or trial call, on which causes are called for trial. The amendment to the rule limits the number of cases in which the same litigant is plaintiff or defendant that shall be placed in the peremptory or trial call to six, but the right of a litigant to have a case passed under the rule is not, under the provisions of rule 21 or the amendment thereto, affected by the fact that such litigant is a corporation, or by the number of cases such litigant has on trial

at the time the application to pass is made. We are, however, of the opinion that in view of the time when and circumstances under which the second motion to pass this case was made that the court did not err in denying such motion.

Kleist, a witness for the plaintiff, upon his cross-examination stated that he had a conversation with Mr. Halane, an investigator for the defendant, in relation to the accident a short time before the trial, and was then asked by defendant whether he did not, at such conversation, make certain statements to Halane, and answered that he did not know or did not remember whether he did or not. No evidence was offered by the defendant in connection with the cross-examination of any statements of the witness. Upon his re-direct examination the witness was permitted to state, over the objection of the defendant, what was said during the conversation of the witness with Halane. If the witness had admitted on cross-examination that he had made a certain statement to Halane, the question as to how far he might be interrogated by the plaintiff as to what further was said in the conversation in which it was said such statement was made, would be presented, but the witness made no such admission upon his cross-examination, and the testimony as to what was said by Halane to him or by him to Halane during the conversation as to which he was interrogated on his cross-examination should not have been admitted. But we do not think, in view of the character of the testimony given by the witness upon his re-direct examination, that the erroneous ruling of the court constitutes reversible error.

Dr. Craig was called as a witness by the plaintiff. In the course of his examination he was shown by plaintiff's counsel a written paper which he testified was in his handwriting. Counsel for the plaintiff then put to the witness a number of questions for the avowed purpose of showing bias and hostility on his part towards the plaintiff, and the court overruled the objections of the defendant to such questions. To each of such questions the witness answered

in the negative, and the court on the objection of the defendant excluded the paper which the witness had admitted was in his handwriting. We think that as the witness gave a negative answer to each of the questions to which the defendant objected, and the paper as to which the witness was interrogated was not admitted in evidence, the action of the court in overruling the objections of the defendant to the questions put by plaintiff's counsel to the witness was not harmful to the defendant, and it is therefore not necessary to decide whether such rulings were correct.

We find no reversible error in the other rulings of the court upon questions of evidence, nor in the rulings of the court upon plaintiff's offers to prove.

It is contended that the court erred in refusing to give for the defendant the following instruction:

" The jury are instructed that whether you believe from the evidence that the defendant's servants were negligent on the occasion in question or not, yet if it appears from the evidence that the plaintiff attempted to alight from the car in question while it was in motion, and that in so doing she was guilty of a want of ordinary care for her personal safety which contributed to the accident and injury in question, then she cannot recover in this case, and your verdict should be not guilty."

The court had already given for the defendant the following instruction:

" If it appears from the evidence that the plaintiff attempted to alight from the car in question while it was in motion, and that her fall and injury was due to that fact, and such conduct on her part was a want of ordinary care for her personal safety which contributed to the accident and injury in question, then the jury are instructed that she cannot recover in this case, and their verdict should be not guilty."

No substantial difference is perceived between the instruction given and the one refused, and the refusal was therefore proper. The substance of the other refused instructions was given to the jury in other instructions and the refusal to give said instructions was therefore not error.

The testimony in the case was conflicting. The plaintiff and four witnesses called by her testified that the car did not stop on the west side of Center avenue, but did stop on the east side of that avenue and that after the car had stopped there, the plaintiff started to step down from the car and that while so doing the car was started forward and she was thrown down upon the ground. Four witnesses called by the defendant testified that the car stopped on the west side of Center avenue; that it did not stop on the east side of that avenue and that when the car reached the east side of the avenue and while it was in motion the plaintiff attempted to step down from the car and in doing so fell from the car to the ground.

Upon this testimony we cannot say that the verdict was against the evidence, nor can we, upon the evidence, say that the damages awarded the plaintiff are excessive.

The judgment of the Superior Court will be affirmed.

*Affirmed.*