EDNA PETERSON ET AL., APPELLEES, V. DEPARTMENT OF
ROADS AND IRRIGATION OF THE STATE OF NEBRASKA,
APPELLANT.
289 N. W. 370

FILED DECEMBER 20, 1939.   No. 30692

*Walter R. Johnson, Attorney General,* and *Clarence S. Beck,* for appellant.

*McNeny & Sprague, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

FALLOON, District Judge.

This action was brought for the condemnation of certain real estate for state highway purposes by the department of roads and irrigation of this state. The proceedings were commenced in the county court of Webster county. There is no dispute about the notices given, appointment of appraisers, or the return of their award on March 15, 1938. Notice of appeal was given by the department on April 19, 1938, and on May 6, 1938, transcript was filed in the district court for said county.

Warrant for $900, amount of the appraisers' award, was sent by department of roads and irrigation to and received

by the Webster county judge on April 28, 1938, and by him turned over to appellee landowners the next day. The letter from the department inclosing warrant contained the following paragraph: "It is our understanding that having paid the appraisers' allowance to you as county judge, we now have the right to use the land condemned, even though we are appealing this case to the district court."

The plaintiff landowners in the district court moved to dismiss the appeal as the matter involved had been settled and award paid and also because an appeal bond had not been filed as provided in section 26-711, Comp. St. 1929. Motion was sustained "on all grounds" and the case brought here for review by the appellant department of roads and irrigation. As to the above facts and record, there is no dispute.

Evidence was offered by the plaintiffs, appellees here, and the testimony of one of the appellees and of the Webster county judge taken and the original notice of appeal filed in the county court as well as the letter from the appellant department of date April 28, 1938, are preserved in the bill of exceptions. No testimony was offered by the defendant, appellant in this court. The evidence has been painstakingly read and proves that the appellees would not allow any construction done by the appellant on the premises in dispute until the award was paid into court. It further shows that an engineer by the name of Gould was in charge of project and that he told the county judge, after he received the award money, to turn it over to the appellees. It utterly fails to show any authority on behalf of the engineer to bind the appellant or to authorize the turning over of the award money, which should have remained on deposit in the office of the county judge.

Agency is never presumed but must be proved. The mere fact that the project engineer is an employee of the state is not of itself sufficient to bind the state. The burden of proof, when an agency is asserted, is on the person making the assertion. A governmental agency is not bound by one of its employees unless it manifestly appears that the latter

acted within the scope of his authority. The evidence in this case wholly fails to do this.

Section 26-711, Comp. St. 1929, provides that the party appealing in condemnation proceedings must give bond in 30 days, but section 20-2231, Comp. St. 1929, provides that, when the state or its agencies are a party, it is unnecessary. This first section was passed in 1927 and the latter at the special session in 1930. This question of whether a state or any of its official departments should give an appeal bond was passed on by this court in *State v. Odd Fellows Hall Ass'n,* 123 Neb. 440, 243 N. W. 616, and the requirement of an appeal bond by the state obviated.

There is no other requirement to obtain jurisdiction by the district court except to file within 60 days in the said court a certified transcript of the proceedings including all papers relating to or connected therein from the county judge. This was done.

The statute provides further, not for the purpose of an appeal, but that there may be no delay in the prosecution of work of public improvement, that the award may be paid to or deposited with the county judge, in which case the work is not delayed but may proceed. This deposit shall remain with the county judge until a final decision is had. This payment to or deposit of the award with the county judge does not deprive the condemnor of the right to appeal. See *Cleveland, C. C. & St. L. R. Co. v. Nowlin,* 163 Ind. 497, 72 N. E. 257, and *Chicago, S. F. & C. R. Co. v. Phelps,* 125 Ill. 482, 17 N. E. 769. Also, *Madisonville, H. & E. R. Co. v. Ross,* 126 Ky. 138, 103 S. W. 330.

The appellant did all that was necessary to perfect its appeal. The payment of the award into court was necessary to expedite the construction work, but added nothing to the right of appeal. While it would have been proper to have made warrant payable to the county judge, rather than to appellees, it makes no difference in the decision rendered. Courts will not read into a statute on appeal a requirement that is not there. The payment of the deposit to the appellees without adequate authority by the county

judge does not deprive the appellant of its right to be heard upon appeal. There is no competent evidence to prove that the appeal had been abandoned.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.